UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LEE PAIGE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:06cv00644 |
| ) | |
| v. ) | Hon. Emmet G. Sullivan |
| ) | |
| UNITED STATES DRUG ) | |
| ENFORCEMENT ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

**INTRODUCTION**

Plaintiff's memorandum in opposition to defendant's motion to dismiss confirms a simple point – plaintiff is trying to recover under the Privacy Act for the alleged release of public information. By giving a gun safety and drug education presentation, which was videorecorded, to an audience of 50 people, plaintiff had no privacy interest in the information contained in his presentation. Without a privacy interest, plaintiff cannot satisfy the 'disclosure' element of a 5 U.S.C. § 552a(b) Privacy Act claim, and for that reason, plaintiff's case should be dismissed.

**ARGUMENT**

**Even taking his allegations as true, plaintiff fails to satisfy the 'disclosure' element of § 552a(b) of the Privacy Act.**

Defendant moved to dismiss plaintiff's complaint because it did not allege an actionable 'disclosure' under the Privacy Act. In his opposition brief, plaintiff focuses on a tangential point – whether the complaint suffices to allege the 'record' element of a Privacy Act claim. Plaintiff's defense of the separate 'record' element of a Privacy Act claim has no bearing on defendant's

basis for moving to dismiss plaintiff's complaint – plaintiff's inability to satisfy the 'disclosure' requirement.[1]  See generally 5 U.S.C. § 552a(b) (providing the elements of a Privacy Act disclosure action).  Despite plaintiff's effort to conflate these two elements, they are distinct.  Plaintiff does not, and indeed cannot, allege a violation of the 'disclosure' element because plaintiff had no privacy interest in the information contained in his gun safety and drug education presentation.

      **1.**      **Plaintiff did not have a privacy interest in the underlying information contained in his gun safety and drug education presentation.**

Plaintiff had no privacy interest in his gun safety and drug education presentation.  While plaintiff takes issue with defendant's characterization of plaintiff's presentation as "highly public," plaintiff's complaint makes it unmistakably clear that plaintiff willingly gave his presentation to an audience of over 50 people and that the presentation was videorecorded by a private videographer.  (See Compl. ¶¶ 6-7 (Docket #1).)  Plaintiff attempts to characterize the presentation through a subsequent affidavit as not "highly public," but that is beyond the allegations contained in the complaint, which is not proper at this stage, see Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002) (explaining that a Rule 12(b)(6) motion tests the legal sufficiency of the allegations in the complaint).  Nonetheless, even plaintiff's enhanced statements in his affidavit (Paige Aff. ¶ 1 (attachment to Docket #10)), which are not part of the complaint and therefore cannot be considered under Rule 12(b)(6), fail to allege that the audience members and the videographer were under any obligation of confidentiality or that they were not

---

[1] By not challenging the 'record' element through a Rule 12(b)(6) motion, defendant does not concede that this element is satisfied factually; it means only that defendant for purposes of a Rule 12(b)(6) motion has assumed the facts in the complaint to be true.

at liberty to communicate the events to the press, as the newspaper clippings demonstrate.[2]  For those reasons, plaintiff's allegations, regardless of whether they are characterized as "highly public," show that plaintiff's public speaking presentation was in the public domain and that plaintiff had no privacy interest in the presentation.

      This point is most commonly demonstrated by cases considering whether an invasion of privacy took place for tort purposes.  There, persons in situations far less public than plaintiff was in during his presentation have been held to lack privacy interests in the underlying information at issue.  See Dasey v. Anderson, 304 F.3d 148, 154 (1st Cir. 2002) ("activity in the presence of others who owe no duty of confidentiality – a category which includes the subject matter of the videotape [of an officer smoking marijuana] – is hardly 'private'"); Four Navy Seals v. Associated Press, 413 F. Supp. 2d 1136, 1144-45 (S.D. Cal. 2005) (holding that soldiers had no privacy interest in photographs subsequently posted on the internet because the soldiers voluntarily appeared in those photographs with Iraqi prisoners); Danai v. Canal Square Assocs., 862 A.2d 395, 403 (D.C. Ct. App. 2004) (holding that plaintiff had no privacy tort claim because she had no privacy interest in a ripped up letter discarded in a locked community trash room).

---

[2] Plaintiff misconstrues the rationale behind defendant's attaching copies of the newspaper reports for judicial notice.  See Def.'s Mot. to Dismiss Exs. 1-3 (Docket #5).  These newspaper reports are attached to show that plaintiff did not have any reasonable expectation of privacy in his gun safety presentation – the audience members could widely distribute any and all information regarding plaintiff's presentation to the local, regional, and national press.  Plaintiff's opposition spent several pages attempting to distinguish the newspaper reports from the videorecording (see Pl.'s Mem. in Opp. at pp. 9-12 (Docket #10)), but this effort is in furtherance of an immaterial point because both the newspaper reports and the videorecording are re-transmissions based on the same the underlying information – plaintiff's gun safety and drug education presentation – an event in which plaintiff had no privacy interest.  Moreover, although the news reports do not communicate plaintiff's image or voice, plaintiff's presentation did exactly that – without any alleged limitation.

Because plaintiff's presentation was certainly less private than these other instances, plaintiff did not have a privacy interest in his gun safety and drug education presentation.

**2.    Without a privacy interest in the underlying information, plaintiff does not have a privacy interest in that same information if it is in government records.**

Plaintiff assumes that he somehow acquires a privacy interest in the information (including the accidental discharge) contained in his presentation because that information is contained in governmental records. Plaintiff is mistaken. The Tripp and Wright cases make it abundantly clear that absent a privacy interest in the underlying information, plaintiff has no privacy interest in that same information if it is also in agency files.

In Tripp, the court held that the Privacy Act was not violated where the information released from an agency's files (names, titles, salary information, and salary-levels of public employees) was already in the public domain. Tripp v. Dep't of Defense, 193 F. Supp. 2d 229, 236 (D.D.C. 2002). As with Tripp, where the information at issue was not private, here also plaintiff had no privacy interest in the underlying information – his presentation. For that reason, the same result must follow: defendant's alleged release of a videotape containing the presentation does not constitute a violation of the Privacy Act. Cf. Restatement (Second) of Torts § 652D, cmt. b ("There is no liability when the defendant merely gives further publicity to information about the plaintiff that is already public.").

Similarly, Wright underscores that when a person makes public certain information that is contained in government files, that person has no privacy interest in that information. Wright v. FBI, 385 F. Supp. 2d 1038, 1042 (C.D. Cal. 2005). Significantly, the plaintiff in Wright did not make the files themselves public, but he did make the underlying information public. Id.

4

Plaintiff here did the same thing, he made a presentation to an audience of 50 people that was videorecorded, and by so doing, he made public his image, his voice, and his presentation. Under Wright, it does not matter that plaintiff did not make the videorecording itself public because the underlying information – his presentation – was already in the public domain and without a privacy interest.

In short, the Tripp and Wright cases leave no doubt that where a plaintiff injects himself into the public domain (as here through a videorecorded public speaking event), he has no privacy interest in that information for Privacy Act purposes – even if that information is also contained in a governmental record.

### 3. Without a privacy interest, plaintiff cannot satisfy the 'disclosure' element of a § 552a(b) claim.

As set forth in defendant's opening brief and not disputed by plaintiff, a plaintiff cannot recover under the Privacy Act without meeting each of the statute's requirements, including disclosure, which requires a privacy interest. See Barry v. U.S. Dep't of Justice, 63 F. Supp. 2d 25, 28 (D.D.C. 1999) ("There was no 'disclosure' here because plaintiff had no protectable privacy interest in the Report at the time of its posting on the Internet."); see also Ash v. United States, 608 F.2d 178, 179 (5th Cir. 1979) (holding that 'disclosure' of results of non-judicial proceedings to personnel of a naval command when those results were open to such personnel "and in that sense public" was not a 'disclosure' forbidden by the Privacy Act); see also Fed. Deposit Ins. Corp. v. Dye, 642 F.2d 833, 836 (5th Cir. 1981) ("[T]he release of public information to the same 'public' is not a disclosure."); Wright, 385 F. Supp. 2d at 1041 ("Courts have held that there is no disclosure under the Privacy Act when the information is already

placed in the public record."). As demonstrated above, plaintiff did not have a privacy interest in the underlying information (his presentation) and thus has no privacy interest in a videorecording of that event. Without such a privacy interest, even on the face of his allegations, plaintiff cannot satisfy the 'disclosure' element and fails to state a claim under § 552a(b) of the Privacy Act.

## CONCLUSION

For the foregoing reasons as well as those set forth in defendant's motion to dismiss, plaintiff's complaint should be dismissed for failure to state a claim for relief.

Dated: November 21, 2006                Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

  /s/ Peter J. Phipps
PETER J. PHIPPS
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8482
Fax: (202) 616-8470
peter.phipps@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

Attorneys for Defendant