**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
LEE PAIGE,                       )
                                )
         Plaintiff,              )
                                )
    v.                           )    Civil Action No. 06-644 (EGS)
                                )
UNITED STATES DRUG               )
ENFORCEMENT ADMINISTRATION       )
                                )
         Defendant.              )
_____)

<u>**ORDER**</u>

Plaintiff Lee Paige filed a complaint against the United States Drug Enforcement Administration ("DEA") alleging a violation of the Privacy Act, 5 U.S.C. § 552a, based on the release of a video showing Paige accidentally shooting himself during a drug education and gun safety presentation.  The DEA has filed a motion to dismiss.  Upon consideration of the motion to dismiss, response and reply thereto, the DEA's motion is **DENIED**.

Paige is a Special Agent with the DEA.  On April 9, 2004, he was making a drug education and firearm safety presentation at the Orlando Youth Minority Golf Association.  The presentation was being videotaped.  During the presentation, the firearm Paige was holding accidentally discharged, wounding him.  Shortly after the accidental discharge, the videotape of the presentation, which Paige alleges was the only video or audio recording of the incident, was turned over to the DEA.  The DEA excised the

portion of the tape containing the accidental discharge and returned the tape to its owner.

At some point after the presentation and after the DEA obtained the videotape of the accidental discharge, Paige alleges that unknown employees or agents of the DEA released the portion of the videotape showing the accidental discharge to other individuals within the DEA and to individuals outside the DEA. The videotape of the accidental discharge was widely circulated on the Internet and broadcast on television. As a result of the publicity, Paige alleges that he can no longer work as an undercover agent or give motivational presentations. He also alleges that he has suffered past and will suffer future damages.

The DEA has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The Court will not grant a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). At this stage of the proceedings, the Court accepts as true all of the complaint's factual allegations. *See Does v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985).

2

Plaintiff is entitled to "the benefit of all inferences that can be derived from the facts alleged." *Kowal*, 16 F.3d at 1276.  In deciding a 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).

The Privacy Act states that no agency shall "disclose" any individual's "record" that is contained in a "system of records" to another person without the individual's consent, subject to certain exceptions delineated in the statute.  *See* 5 U.S.C. § 552a.  At this stage, the DEA does not challenge that the videotape of the accidental discharge is a record kept within a system of records at the DEA nor does the DEA challenge Paige's allegation that an agent or employee of the DEA released the videotape.  The only question before the Court is whether it appears beyond doubt based on the allegations in the complaint that Paige can prove no set of facts in support of his claim that there was an unauthorized disclosure of the videotape in violation of the Privacy Act.

The Privacy Act does not define the term "disclose." However, the D.C. Circuit examined the meaning of the term at great length in *Pilon v. United States Dep't of Justice*, 73 F.3d 1111 (D.C. Cir. 1996).  The Circuit Court adopted a broad

3

interpretation of "disclose" based on the Privacy Act's "purposes, legislative history, and integrated structure." *Id.* at 1124 ("Congress intended the term 'disclose' to apply in virtually all instances to an agency's unauthorized transmission of a protected record, regardless of the recipient's prior familiarity with it."). The Circuit Court further noted that it was "inclined to interpret 'disclose' in a manner that will give effect to Congress' intent to protect the individual privacy of the subjects of protected records, except as to those disclosures authorized by the Act." *Id.* at 1119. The DEA has pointed to no statutory exemption that would allow the release of the videotape.

The Court has not considered any facts beyond those alleged in the complaint. Based on those facts and the inferences drawn therefrom and the Circuit Court's broad interpretation of disclosure, the Court at this juncture cannot conclude that Paige can prove no set of facts in support of his claim that the release of the videotape of the accidental discharge was an unauthorized disclosure in violation of the Privacy Act. Accordingly, it is hereby

**ORDERED** that the defendant's motion to dismiss is **DENIED;** and it is

**FURTHER ORDERED** that the DEA shall file an Answer/Responsive Pleading to Paige's Complaint by no later than **January 12, 2007;** and it is

**FURTHER ORDERED** that the parties are to file a meet and confer report in accordance with Local Civil Rule 16.3 by no later than **January 31, 2007;** and it is

**FURTHER ORDERED** that an Initial Scheduling Conference is scheduled for **February 6, 2007 at 1:00 p.m.** in Courtroom 24A.

**Signed:    Emmet G. Sullivan
            United States District Judge
            December 15, 2006**