UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LEE PAIGE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DRUG )<br>ENFORCEMENT ADMINISTRATION, )<br>et al., )<br>)<br>    Defendants. )<br>) | Civil Action No. 1:06cv00644<br><br>Hon. Emmet G. Sullivan |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants the United States Drug Enforcement Administration (the "DEA") and the United States of America hereby answer plaintiff's Amended Complaint (Docket #14) in the following numbered paragraphs, which correspond to the Amended Complaint's numbered paragraphs.

1.  This paragraph contains plaintiff's characterization of this action and legal conclusions, not factual allegations requiring a response.

2.  This paragraph contains legal conclusions and not factual allegations requiring a response; to the extent that a response is required, defendants deny that DEA is an agency as defined by the Privacy Act, and instead state that DEA is a component of the Department of Justice.

3.  Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

4.  Defendants admit the allegations in the first and second sentences of this

paragraph. Defendants deny the allegations in the third and fourth sentences of this paragraph, but state that plaintiff did work in an undercover capacity at points in time during his career. Defendants are without knowledge or information sufficient to form a belief as to the averments in the fifth and sixth sentences of this paragraph.

5. Defendants admit the first sentence of this paragraph. As to the second sentence of this paragraph, defendants deny the plaintiff was the spokesman for the United States Ambassador in Nassau, Bahamas with respect to the DEA and drug-related issues, but admit the remainder of allegations in the sentence. Defendants admit the third sentence of this paragraph. Defendants deny the allegations in the fourth sentence of this paragraph but state that the Special Agent in Charge of the Miami Divisional Office was rated on the Division's performance, including the Division's demand reduction activities.

6. Defendants admit the allegations in the first sentence of this paragraph. Defendants are without knowledge or information sufficient to form a belief as to the averments in the second and third sentences of this paragraph, except to acknowledge that children and parents were in the audience and that the audience numbered around fifty people. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

7. Defendants are without knowledge or information sufficient to form a belief as to the averments in the first sentence of this paragraph; defendants do acknowledge that the presentation was videotaped. Defendants are without knowledge or information sufficient to form a belief as to the averments in the second and third sentences of this paragraph. Defendants deny the allegations in the fifth and sixth sentences of this paragraph.

8. Defendants deny the allegations in this paragraph.

9. Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

10. Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

11. Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

12. Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

13. Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

14. In response to this paragraph defendants restate their answers to paragraphs 1 though 13.

15. Defendants deny the allegations in this paragraph.

16. Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

17. Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

18. In response to this paragraph defendants restate their answers to paragraphs 1 though 12 and paragraph 15.

19. Defendants admit the allegations in the first sentence paragraph.  Defendants deny the allegations in the second sentence of this paragraph and state that DEA denied plaintiff's claim on or about January 8, 2007.

20. Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph, except to state that DEA is not an agency defined by the Privacy Act, as explained in response to paragraph 2.

21. Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

22. Defendants deny the allegations in this paragraph.

23. Defendants are without knowledge or information sufficient to form a belief as to the averments in this paragraph.

Furthermore, defendants deny each and every allegation of the Amended Complaint not specifically addressed above.

## DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's action is barred by the doctrines of assumption of the risk and contributory negligence.

3. Plaintiff's action is barred by the doctrine of unclean hands, and plaintiff is estopped seeking recovery.

4. Plaintiff's action is barred by the doctrines of waiver and forfeiture.

5. Plaintiff has failed to mitigate his damages.

6. Plaintiff's action is barred by the doctrine of injury by fellow servant.

7. Plaintiff's action is barred by the Federal Employee Compensation Act.

8. Plaintiff cannot recover under the Privacy Act for emotional and other forms of damages that are not actual damages.

**PRAYER FOR RELIEF**

WHEREFORE, defendants pray that the Court dismiss plaintiff's suit with prejudice, render judgment that plaintiff take nothing, assess costs against plaintiff, and award defendants all other relief to which they are entitled.

Dated: January 12, 2007                               Respectfully submitted,

                                                                          PETER D. KEISLER
                                                                          Assistant Attorney General

                                                                          JEFFREY A. TAYLOR
                                                                          United States Attorney

                                                                          ELIZABETH J. SHAPIRO
                                                                          Assistant Branch Director

                                                                             /s/ Peter J. Phipps
                                                                          PETER J. PHIPPS
                                                                          United States Department of Justice
                                                                          Civil Division, Federal Programs Branch
                                                                          Tel: (202) 616-8482
                                                                          Fax: (202) 616-8470
                                                                          peter.phipps@usdoj.gov

                                                                          Mailing Address:
                                                                          Post Office Box 883
                                                                          Washington, D.C.  20044

                                                                          Courier Address:
                                                                          20 Massachusetts Ave., N.W.
                                                                          Washington, D.C. 20001

                                                                          Attorneys for Defendants