# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LEE PAIGE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:06cv00644 |
| ) | |
| v. ) | Next Court Date: Status Conference |
| ) | Scheduled for February 20, 2008 |
| UNITED STATES DRUG ) | at 11:30 a.m. in Courtroom 24A |
| ENFORCEMENT ADMINISTRATION ) | |
| and UNITED STATES OF AMERICA, ) | Hon. Emmet G. Sullivan |
| ) | |
| Defendants. ) | |

## DEFENDANT UNITED STATES OF AMERICA'S
## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, defendant United States of America respectfully moves this Court to enter judgment on the pleadings in its favor with respect to the false light invasion of privacy claim contained as part of Count II of plaintiff's amended complaint. Points and authorities in support of this motion are attached in the Memorandum in Support of Defendant United States of America's Motion for Partial Judgment on the Pleadings.

Dated: February 4, 2008

Respectfully submitted,

JEFFREY BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

    /s/  Peter J. Phipps
PETER J. PHIPPS

PAUL A. DEAN
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8482
Fax: (202) 616-8470
peter.phipps@usdoj.gov


Mailing Address:
Post Office Box 883
Washington, D.C.  20044

Courier Address:
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LEE PAIGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:06cv00644** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES DRUG** | ) | |
| **ENFORCEMENT ADMINISTRATION** | ) | |
| **and UNITED STATES OF AMERICA,** | ) | **Hon. Emmet G. Sullivan** |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

### INTRODUCTION

In Count II of the amended complaint, plaintiff sues defendant United States of America through the Federal Tort Claims Act (the "FTCA") under a false light invasion of privacy theory relating to the alleged disclosure by the United States Department of Justice, Drug Enforcement Administration (the "DEA") of a video-recording in which plaintiff shoots himself in the leg during an educational presentation. A false light invasion of privacy tort is not actionable under the FTCA, however, because the FTCA excludes from its jurisdiction claims "arising out of" libel, slander, and misrepresentation. See 28 U.S.C. § 2680(h). The law is well established that the FTCA's libel-slander-misrepresentation exception applies to false light claims. See Edmonds v. U.S., 436 F. Supp. 2d 28, 35 (D.D.C. 2006). For that reason, the Court should grant defendant United States of America judgment on the pleadings with respect to plaintiff's false light invasion of privacy claim contained as part of Count II of the amended complaint.[1]

---

[1] Plaintiff has also sued DEA under the Privacy Act, 5 U.S.C. § 552a *et seq.*; this motion addresses only the false light FTCA claim against the United States of America.

**BACKGROUND**

Plaintiff's amended complaint contains two counts. <u>See</u> Amended Complaint (Docket #14 ). Count I is against the DEA for alleged violations of the Privacy Act's disclosure provisions. <u>See id.</u> ¶¶ 14-17. Count II seeks recovery under the FTCA against defendant United States of America for two invasion of privacy torts: (i) false light and (ii) publicity given to a private fact. <u>See id.</u> ¶ 22; <u>see generally id.</u> ¶¶ 18-23. Defendants answered the amended complaint on January 16, 2007. <u>See</u> Answer to Amended Complaint (Docket #16). Defendant United States of America now moves for judgment on the pleadings with respect to the false light invasion of privacy allegations in Count II.

**ARGUMENT**

Plaintiff's false light claim in Count II is not legally cognizable under the FTCA. The FTCA contains a libel-slander-misrepresentation exception that prevents plaintiffs from suing for claims arising out of libel, slander, or misrepresentation. <u>See</u> 28 U.S.C. § 2680(h). As explained below, the libel-slander-misrepresention exception extends to false light claims. As a matter of law, therefore, plaintiff cannot recover under the FTCA for his false light invasion of privacy claim, and judgment on the pleadings should be entered for defendant United States of America.

**I.    Standard of Review**

Judgment on the pleadings is appropriate under Federal Rule of Civil Procedure 12(c) "[a]fter the pleadings are closed but within such time as not to delay the trial . . . ." Fed. R. Civ. P. 12(c). The legal standard in Rule 12(c) is similar to the standard for motions under Rule 12(b) that facially challenge the sufficiency of the pleadings. <u>See</u> <u>Fay v. Perles</u>, 484 F. Supp. 2d 12, 14 (D.D.C. 2007); <u>see also</u> <u>WAKA LLC v. DC Kickball</u>, No. 06-894, 2007 WL 1549091 (D.D.C.

May 25, 2007). Consequently, in evaluating a judgment on the pleadings, a court should "accept as true the allegations in the opponent's pleadings" and "accord the benefit of all reasonable inferences to the non-moving party." Haynesworth v. Miller, 820 F.2d 1245, 1249 n.11 (D.C. Cir. 1987), *abrogated on other grounds by* Hartman v. Moore, 547 U.S. 250 (2006). However, a court "need not accept inferences drawn by [a plaintiff] if such inferences are unsupported by the facts set out in the complaint." Kowal v. MCI Commc'ns Corp., Inc., 16 F.3d 1271, 1275 (D.C. Cir. 1994). Moreover, this pleading standard applies only to factual allegations and does not apply to "legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1275; see also Maniaci v. Georgetown Univ., 510 F. Supp. 2d 50, 59 (D.D.C. 2007). Put another way, the allegations must be "neither vague nor conclusory" and must "cover all the elements that comprise the theory for relief." ASA Accugrade, Inc. v. Am. Numismatic Ass'n, 370 F. Supp. 2d 213, 215 (D.D.C. 2005) (quoting Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002)).

## II. The Court Lacks Subject Matter Jurisdiction over Plaintiff's False Light Invasion of Privacy Claim.

As a matter of sovereign immunity, plaintiff cannot sue the United States under the FTCA for a false light privacy tort. This is so because the statute that waives the United States' sovereign immunity under the FTCA does not waive sovereign immunity for suits arising out of libel, slander, or misrepresentation, see 28 U.S.C. § 2680(h). As explained below, the libel-slander-misrepresentation exception applies to false light invasion of privacy claims. For that reason, the United States' sovereign immunity against such claims is preserved.

Under the principle of sovereign immunity, the United States can be sued only where it has expressly consented to such suit by statute. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S.

471, 475 (1994); <u>Block v. North Dakota</u>, 461 U.S. 273, 287 (1983); <u>Settles v. U.S. Parole</u>

<u>Comm'n</u>, 429 F.3d 1098, 1105 (D.C. Cir. 2005). Without an applicable statutory waiver of

sovereign immunity, a court is without jurisdiction over a suit against the United States. As the

Supreme Court explained, "it is elementary that 'the United States, as a sovereign, is immune

from suit save as it consents to be sued, and the terms of its consent to be sued in any court

define that court's jurisdiction to entertain the suit.'" <u>United States v. Mitchell</u>, 445 U.S. 535,

538 (1980) (ellipses omitted) (quoting <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941)); <u>see</u>

<u>also</u> <u>Webman v. Fed. Bureau of Prisons</u>, 441 F.3d 1022, 1025 (D.C. Cir. 2006).

The FTCA is a limited waiver of sovereign immunity because it provides a remedy

against the United States for certain torts of its officers and employees. <u>See</u> 28 U.S.C.

§§ 1346(b), 2674; <u>United States v. Orleans</u>, 425 U.S. 807, 813 (1976); <u>Tri-State Hosp. Supply</u>

<u>Corp. v. United States</u>, 341 F.3d 571, 575 (D.C. Cir. 2003) ("The FTCA represents a limited

waiver of the government's sovereign immunity."). However, as articulated in 28 U.S.C. § 2680,

certain torts are specifically excluded from the FTCA's waiver of sovereign immunity. <u>See</u>

28 U.S.C. § 2680; <u>Moore v. Valder</u>, 65 F.3d 189, 196 (D.C. Cir. 1995) ("The FTCA waives the

sovereign immunity of the United States from suits for negligent or wrongful acts of government

employees subject to certain exceptions."). As to the excluded torts, the United States' immunity

is preserved, and a court must dismiss the prospective tort claim for lack of subject matter

jurisdiction. <u>See, e.g.</u>, <u>Dalehite v. United States</u>, 346 U.S. 15, 24 (1953); <u>Sloan v. U.S. Dep't of</u>

<u>Hous. & Urban Dev.</u>, 236 F.3d 756, 759, 765 (D.C. Cir. 2001).

The United States has not waived its sovereign immunity for any tort "arising out of"

libel, slander, or misrepresentation. The FTCA's waiver of sovereign immunity explicitly

excludes suits "*arising out of* assault, battery, false imprisonment, false arrest, malicious

4

prosecution, abuse of process, *libel*, *slander, misrepresentation*, deceit, or interference with

contract rights . . ." from the realm of permissible FTCA actions.  See 28 U.S.C. § 2680(h)

(emphasis added).  This Circuit has applied the "arising out of" libel-slander-misrepresentation

exception to a wide range of claims.  See, e.g., Art Metal-USA, Inc. v. United States, 753 F.2d

1151, 1156 (D.C. Cir. 1985) (explaining that claims for injurious falsehood, disparagement of

property, slander of goods, and trade libel are "claims arising out of libel or slander").[2]

In addition, courts have repeatedly and consistently held that false light privacy actions

are covered by the libel-slander-misrepresentation exception and are not actionable against the

United States.  See Johnson v. Sawyer, 47 F.3d 716, 732 n.34 (5th Cir. 1995) (en banc)

(explaining that "'false light' invasion of privacy essentially amounts to libel, slander, or

misrepresentation" and that such claims are excluded from the FTCA by § 2680(h)); Metz v.

United States, 788 F.2d 1528, 1535 (11th Cir. 1986) (dismissing false light privacy and

intentional infliction of emotional distress claims because "the government officials' allegedly

slanderous statements are essential" to both claims); Hobdy v. United States, 762 F. Supp. 1459,

1462 (D. Kan. 1991) (claim of false light invasion of privacy "arises out of conduct which

allegedly involves the communication of false statements" and is barred by § 2680(h)), *aff'd*, 968

F.2d 20 (10th Cir. 1992); Bosco v. U.S. Army Corps. of Eng'rs, 611 F. Supp. 449, 452-53 (N.D.

Tex. 1985) (dismissing false light invasion of privacy claim because "the gravamen of Plaintiff's

---

[2]  While the D.C. Circuit has not specifically addressed whether the libel-slander-misrepresentation exception applies to false light claims, it has made clear the close relationship between false light claims and libel and slander claims.  See Mittleman v. United States, 104 F.3d 410, 415 (D.C. Cir. 1997) (concluding that a false light claim is so "thoroughly intertwined" with libel and slander that it should be governed by the one-year libel-slander statute of limitations); cf. Kugel v. United States, 947 F.2d 1504, 1508 (D.C. Cir. 1991) (stating that a false light claim of privacy may be cognizable under the FTCA *without* addressing whether the libel-slander-misrepresentation exception in § 2680(h) would then bar such a claim).

complaint is injury to reputation which is the interest protected by the law of defamation").  As

summed up recently by a court in this district:

> Courts consistently have held that claims for "false light" invasion of privacy are
> barred by the libel and slander exception.

Edmonds v. U.S., 436 F. Supp. 2d 28, 35 (D.D.C. 2006).  After so assessing the law, the

Edmonds court dismissed false light claims under the FTCA for lack of subject matter

jurisdiction.  This Court should proceed similarly and grant defendant United States of America

judgment on the pleadings with respect to plaintiff's false light claims in Count II.[3]

## CONCLUSION

For the foregoing reasons, defendant United States of America's motion should be

granted, and judgment on the pleadings should be entered in its favor with respect to plaintiff's

false light invasion of privacy claims.


Dated: February 4, 2008                         Respectfully submitted,

                                                JEFFREY BUCHOLTZ
                                                Acting Assistant Attorney General

                                                JEFFREY A. TAYLOR
                                                United States Attorney

---

[3] In addition to failing on sovereign immunity grounds, it is far from clear that a false
light claim is recognized under Florida law – the applicable substantive law for the FTCA claim,
see 28 U.S.C. § 1346(b).  The Supreme Court of Florida "has never expressly held that an action
for false light invasion of privacy is cognizable in Florida Courts."  Rapp v. Jews for Jesus, Inc.,
944 So. 2d 460, 468 (Fla. Ct. App. 2006).  Moreover, "[i]n no case has a Florida appellate court
affirmed a judgment for the plaintiff in a false light invasion of privacy case."  Gannett Co., Inc.
v. Anderson, 947 So.2d 1, 7 (Fla. App. Ct. 2006).  Nonetheless, the question of whether a false
light claim is recognized under Florida law has been certified to the Florida Supreme Court, with
an oral argument date of March 6, 2008.  See Rapp v. Jews for Jesus, Inc., No. SC06-2491, Order
(Fla. Sept. 26, 2007).

ELIZABETH J. SHAPIRO
Assistant Branch Director


   /s/  Peter J. Phipps
PETER J. PHIPPS
PAUL A. DEAN
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8482
Fax: (202) 616-8470
peter.phipps@usdoj.gov


Mailing Address:
Post Office Box 883
Washington, D.C.  20044

Courier Address:
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

Attorneys for Defendants

7