UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATIAS MONTEMAYOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 02-1283 GK ) |
| FEDERAL BUREAU OF PRISONS, | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S SECOND RENEWED MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT OR TO TRANSFER**

Defendant respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (6); 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1346(b)(2); and 42 U.S.C. § 1997e(e) to dismiss the Second Amended Complaint. In the alternative, this Court should enter summary judgment in favor of defendant pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law. Should the Court deny defendant's motion to dismiss or in the alternative for summary judgment, defendant again requests that the Court transfer this action to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), because the transfer would promote the interests of justice and the Court there would be a more convenient forum.

In support of this motion the Bureau of Prisons ("BOP")


PLAINTIFF'S EXHIBIT 116

relies upon the accompanying memorandum and statement of material facts not in dispute. A proposed order is also attached.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

MATIAS MONTEMAYOR            )
                             )
            Plaintiff,       )
                             )
      v.                     )  Civil Action No. 02-1283 GK
                             )
FEDERAL BUREAU OF PRISONS,   )
                             )
            Defendant.       )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S SECOND RENEWED MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT OR TO TRANSFER

INTRODUCTION

Defendant submits this memorandum in support of this second renewed dispositive motion. Dismissal, summary judgment for Defendant or transfer is warranted as set forth below. In short, what remains of Plaintiff's Second Amended Complaint[1] should be dismissed because he lied in his in forma pauperis ("IFP") application; plaintiff has admitted that he failed to initiate his claim within the two-year statute of limitations applicable to Privacy Act suits, he cannot satisfy the requirements of establishing damages under the Privacy Act and under the Prison Litigation Reform Act. Finally, transfer remains appropriate, even were any claim to survive the instant motion.

---

[1] By Order dated June 8, 2004, the Court dismissed Plaintiff's claims for amendment or expungement of records maintained in BOP's Custodial and Security Record System and Inmate Central Records System, and claims arising after August 9, 2002, for damages with respect to records maintained in BOP's Inmate Central Records System.

ARGUMENT

<u>The In Forma Pauperis Application</u>

Plaintiff's action is subject to dismissal because the allegation of poverty set out in his <u>in forma pauperis</u> application is untrue. Plaintiff secured permission from the Court to proceed without the prepayment of costs, as allowed under 28 U.S.C. § 1915. <u>See</u> Motion For Leave to Proceed In Forma Pauperis (Docket No. 2); August 8, 2002 Docket Entry ("ORDER by Judge Richard W. Roberts granting motion to proceed in forma pauperis [2-1] by MATIAS MONTEMAYOR (fiat) (N) (glb) (Entered: 08/15/2002)"). The In Forma Pauperis statute, however, provides in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue.

28 U.S.C. § 1915(e)(2)(A).

On August 8, 2002, Plaintiff filed, but did not serve, a Motion For Leave To Proceed In Forma Pauperis, attached to which was appended a document titled "Affidavit Or Declaration In Support Of Motion For Leave To Proceed *In Forma Pauperis*." Docket No. 2.[2] In this attachment, Plaintiff stated that

---

[2] The Motion For Leave To Proceed In Forma Pauperis is signed by Plaintiff; the attachment is unsigned. Docket No. 2. It is unclear whether Plaintiff has maintained the original, signed version of the document as contemplated by the Local Rules, but no signed declaration or affidavit has been served on undersigned counsel. <u>See</u> Local Civ. R. 5.4(b)(5) ("The

"because of my poverty I am unable to pay the costs of this case or to give security therefor. . ." and answered "No" to the question: "<u>Do you own any real estate</u>, <u>stocks</u>, bonds, notes, automobiles, or <u>other valuable property</u> (excluding ordinary household furnishings and clothing?"  Docket No. 2 at 2. Plaintiff also denied receiving any income within the past 12 months from a business, and denied owning any cash, checking or savings accounts.  <u>Id</u>.  Nevertheless, when called upon to provide a prisoner trust fund account statement, <u>see</u> June 26, 2002 Order (Docket No. 3), Plaintiff instead arranged for the payment of the initial filing fee by check in the amount of $150.00.  <u>See</u> July 23, 2002 Docket Entry and Receipt.  Nevertheless, the Court granted Plaintiff's motion to proceed <u>in forma pauperis</u>.  <u>See</u> August 8, 2002 Docket Entry.  And, consistent with 28 U.S.C. § 1915(d), service of the summons and complaint were effected by the United States Marshal's office without payment of costs by the Plaintiff.  <u>See</u> Docket Nos. 4, 7-8.  Moreover, consistent with 28 U.S.C. § 1915(e)(1), counsel was appointed for Plaintiff from the Court's Civil Pro Bono panel.  <u>See</u> September 15, 2003 Order (Docket No. 31); Local Civ. R. 83.11(b) (allowing for

---

electronic filing of a document that contains a sworn declaration, verification, certificate, statement, oath or affidavit certifies that the original signed document is in the possession of the attorney or pro se party responsible for the filing and that it is available for review upon request by a party or by the Court.")  Defendant hereby requests from Plaintiff a copy of the signed document.

appointments of counsel from the Court's Civil Pro Bono Panel, but limiting such appointments to represent "pro se parties who are proceeding in forma pauperis in civil actions and cannot obtain counsel by other means").

Notwithstanding Plaintiff's allegations that he had nothing of value to pay or post as security, the following facts establish that the allegations of poverty were untrue.

> 1) Plaintiff did, in fact, have funds to pay the full $150.00 filing fee in or before July 2002.  See July 23, 2002 Docket Entry and Receipt.
>
> 2) Plaintiff admitted in his deposition that he owns a rock, gravel and sand business (i.e., quarry), in Mexico that could not be forfeited to the government upon his conviction, and also admitted that he owned the business as far back as 1994 or 1995, when he paid over $100,000 in fines with money received from the business.  See Plaintiff's Depo. at 42-43, 86-90, and Depo. Exhibit 4 (Plaintiff's Presentence Report) at 8, 10.
>
> 3) Plaintiff has also admitted that $10,000 has been transferred to an account from which, through his wife, he can direct payments.  See Plaintiff's Depo. at 90-99.[3]

These falsehoods offer more than adequate basis for the

---

[3] Although Plaintiff has testified that the funds belong to a fellow inmate, "a real friend" to whom he would return the funds if asked, Plaintiff has also admitted that he cannot now identify that inmate, nor has he produced any documents that identify that inmate despite his agreement to do so.  See Plaintiff's Depo. at 90-99.  Plaintiff has also recognized that it is against BOP rules to accept something of value from another inmate without authorization.  See id. at 97-99; 28 C.F.R. § 541.13, Table 3, Offense Code 328 ("Giving money or anything of value to, or accepting money or anything of value from: another inmate, or any other person without staff authorization").

- 4 -

Court to conclude that Plaintiff's allegation of poverty is untrue. As a result, the Court should dismiss this action under 28 U.S.C. § 1915(e)(2); see also Mathis v. New York Life Insurance Co., 133 F.3d 546, 547-48 (7th Cir. 1998) (district courts have discretion to dismiss with prejudice a claim under Section 1915(e), as with the former 1915(d), where an applicant intentionally misrepresents his true financial status); c.f. Marts v. Hines, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc) (noting that dismissals under Section 1915(e)(2) as frivolous or malicious should be presumed to be dismissed with prejudice unless the district court specifies otherwise); Romesburg v. Trickey, 908 F.2d 258, 259-60 (8th Cir. 1990) (affirming district court's dismissal of IFP complaint based on failure to disclose real property); Dawson v. Lennon, 797 F.2d 934, 935-36 (11th Cir. 1986) (per curiam) (affirming revocation of IFP status and dismissal of complaint where plaintiff failed to disclose substantial assets held in name of sham church); Thompson v. Carlson, 705 F.2d 868, 869 (6th Cir. 1983) (per curiam) (affirming dismissal after IFP status revoked for intentional misrepresentations of financial status); Harris v. Cuyler, 664 F.2d 388, 389-91 (3rd Cir. 1981).

Statute of Limitations

The Privacy Act sets out a statute of limitations for

- 5 -

actions brought to enforce any liability created under the Act. It provides that actions may be brought "within two years from the date on which the cause of action arises." 5 U.S.C. § 552a(g)(5); Tijerina, v. Walters, 821 F.2d 789, 794 (D.C. Cir. 1987). In a normal Privacy Act claim, the cause of action arises and the statute of limitation begins to run when the plaintiff knows or should know of the alleged violation. Tijerina, 821 F.2d at 798 (citing United States v. Sams, 521 F.2d 421, 429 (3rd Cir. 1975)); see also Armstrong v. Bureau of Prisons, 976 F.Supp. 17, 21-22 (D.D.C. 1997); Szymanski v. United States Parole Commission, 870 F.Supp. 377, 378 n.4 (D.D.C. 1994) ("new causes of action do not arise each and every time there is subsequent adverse determination based on the alleged incorrect records.") (citing Diliberti v. United States, 817 F.2d 1259, 1264 (7th Cir. 1987)). If the suit is not filed within two years, the court simply no longer has subject matter jurisdiction. Szymanski, 521 F. Supp. at 378.[4]

In the instant action, Plaintiff alleges that he learned of

---

[4] It has not always been clear when such a defense has been deemed jurisdictional. See Chung v. United States Department of Justice, 333 F.3d 273, 276-78 and n.* (D.C. Cir. 2003) (recognizing availability of tolling in Privacy Act cases, overruling precedent). But the effect of failing to heed the statute's time limits, whether jurisdictional or not, results in dismissal of the claims. See Simpkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997) (noting the filing an administrative claim required within two years under the Federal Tort Claims Act was jurisdictional or, if not, "the functional equivalent of it").

the maintenance of the inaccurate records and his resulting placement in administrative detention while he was incarcerated in the Federal Correctional Institution in El Reno, Oklahoma, in 1993, 1994, or at the latest in 1995.[5] Plaintiff's Deposition at 17, 28-31, 38-40; Plaintiff's Response to Interrogatory No. 2 (including as incidents of assertedly adverse determinations six separate placements in administrative detention beginning on February 1, 1994; December 8, 1994; May 5, 1996; February 17, 1998; March 24, 1998; and June 16, 1998).[6] And, Plaintiff was required to bring an action under the Privacy Act within two years of learning of the claim, i.e. by 1997 at the latest.

The instant action, however, was not commenced until the filing of the original Complaint on June 26, 2002. See Complaint at 1 (Docket No. 1). Thus, Plaintiff's claim was filed beyond the time allowed. 5 U.S.C. § 552a(g)(5); Tijerina, v. Walters, 821 F.2d at 794; Boyer v. Air Force, 875 F.2d 632, 638 (7th Cir. 1989) (citing Diliberti, supra). His remaining claim should,

---

[5] Plaintiff described the first time he learned of the BOP records saying he was a gang member as being while he was at El Reno, "About '94, something like that. '95, '94. When I got there in '94. '93, whenever I got there." Plaintiff's Depo. at 28. Plaintiff was housed in El Reno for five years, ending in March, 1998. Id. at 30.

[6] Plaintiff maintains that he did not pursue a claim immediately, but waited seven years because "I don't want to cause no problem." Plaintiff's Depo. at 38-39. He does, however, admit that he asserted a claim to challenge the accuracy of certain of his records in 1994, which claim was successful. Id. at 33-36.

therefore, be dismissed as untimely.

Failure To State A Claim For Damages

Moreover, all of Plaintiff's claims suffer from another legally dispositive infirmity: he has failed to show that she suffered "actual damages" as a result of the alleged violation and cannot establish prior physical injury as required when a prisoner seeks to recover damages for emotional harm.

In Doe v. Chao, 540 U.S. 614, 620-25 (2004), the Supreme Court concluded that in addition to showing an adverse effect, the plaintiff must also make a showing of actual damages. "[A]n individual subject to an adverse effect has injury enough to open the courthouse door, but without more has no cause of action for damages under the Privacy Act." Id. at 625. Consequently, Plaintiff has the burden to show that he has suffered actual damages as a result of the violations. Id.; Dodge v. Trustees of National Gallery of Art, 326 F.Supp.2d 1, 12 (D.D.C. 2004).

In a footnote, the Chao decision noted that the Courts of Appeals are divided on how the term "actual damages" is to be defined under the Privacy Act. Id. at 627 n.12. Some courts have stated that actual damages are restricted to pecuniary loss, while others have held that pain and suffering is sufficient. Id. (citing Fitzpatrick v. IRS, 665 F.2d 327, 331 (11th Cir. 1982); Johnson v. Department of Treasury, 700 F.2d 971, 972-74

(5th Cir. 1983)). The issue appears unresolved in this Circuit as well. See Albright v. United States, 732 F.2d 181, 186 (D.C. Cir. 1984); Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 586 (D.C. Cir. 2001) ("We need not reach the more difficult question of whether reclassification or transfer would constitute an "adverse determination" in the absence of a First Amendment deprivation . . .").

Concededly, decisions of this Court have held both that Privacy Act damages are limited to out-of-pocket expenses, and that they include the full range of compensatory damages. Earlier decisions clearly hold that non-pecuniary losses are not recoverable in a Privacy Act suit. Pope v. Bond, 641 F. Supp. 489, 501 (D.D.C. 1986); Albright v. United States, 558 F. Supp. 260, 264 (D.D.C. 1982), aff'd on other grounds, 732 F.2d 181 (D.C. Cir. 1984); Houston v. United States Dep't of Treasury, 494 F. Supp. 24, 30 (D.D.C. 1979). However, in two more recent decisions, this Court did allow Privacy Act suits seeking general compensatory damages to proceed. Alexander v. FBI, 971 F. Supp. 603, 607 (D.D.C.1997); Dong v. Smithsonian Inst., 943 F. Supp. 69, 74 (D.D.C. 1996), rev'd on other grounds 125 F.3d 877 (D.C. Cir. 1997). The Circuit Court has noted the issue, but has not addressed it. Albright v. United States, 732 F.2d at 186; cf. Tomasello v. Rubin, 167 F.3d 612, 618 n.6 (D.C. Cir. 1999) (declining to address because not raised in trial court).

- 9 -

Other jurisdictions have also not reached a consensus on the issue. Compare, e.g., Johnson v. Dep't of Treasury, 700 F.2d at 974-80 (holding non-pecuniary damages available) with Hudson v. Reno, 130 F.3d 1193, 1207 (6th Cir. 1997) ("weight of authority suggests that actual damages . . . do not include recovery for [non-pecuniary loss]."). Although different courts have reviewed the Act's legislative history and reached opposite conclusions, their decisions share a common starting point: the observation that the term "actual damages" has no plain meaning. Johnson, 700 F.2d at 974; Fitzpatrick v. IRS, 665 F.2d 327, 329 (11th Cir. 1982)(holding non-pecuniary damages unavailable). Whether this ambiguity justifies resort to legislative history is doubtful. United States v. Nordic Village, Inc., 503 U.S. 30, 37 (1992) (stating that legislative history cannot supply the clarity needed to render ambiguous language an effective waiver of sovereign immunity). However, the fact that that history could lead two Circuit Courts of Appeal to diametrically opposed answers demonstrates the wisdom of construing the term narrowly. Section 552a(g)(4), which allows recovery of damages, "is a waiver of sovereign immunity and, as such, 'must be construed strictly in favor of the sovereign, and not enlarged . . . beyond what the language requires.'" Tomasello, 167 F.3d at 618 (quoting Nordic Village, 503 U.S. at 34); see also Hudson, 130 F.3d at 1207 n.11 (noting "bedrock principle that courts must

strictly construe waivers of immunity in favor of the sovereign . . . .").

This Court should therefore give the term "actual damages" its more restrictive reading. See Schmidt v. U.S. Dept. of Veterans Affairs, 222 F.R.D. 592, 593 (E.D. Wis. 2004) ("The term 'actual damages' means only a pecuniary loss and does not include emotional distress. This is the reasoned conclusion of two of the three circuit courts to have considered the meaning of "actual damages.") (citing Hudson v. Reno, 130 F.3d 1193, 1207 & n.11 (6th Cir. 1997); Fitzpatrick v. IRS, 665 F.2d 327, 329, 331 (11th Cir. 1982)). Indeed, not doing so would be inconsistent with the fact that Congress set a high threshold for any recovery of damages when it waived immunity only for intentional or willful violations of the Act, i.e., for agency acts that are so "'patently egregious and unlawful' that anyone undertaking the conduct should have known it 'unlawful.'" Laningham, v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (quoting Wisdom v. HUD, 713 F.2d 422, 425 (8th Cir. 1983)).

Yet, this Court need not resolve this issue in this case, because under either interpretation, Plaintiff here has failed to satisfy this necessary requirement, given the limitations on recovery for damages applicable to prisoners. Plaintiff does not claim to have suffered any pecuniary loss as a result of the claimed Privacy Act violations. Plaintiff alleges that "Mr.

Montemayor suffered severe physical and emotional trauma, stress, fear, anxiety and the costs of bringing this suit." Second Amended Complaint, ¶ 32. But, Plaintiff has admitted that the only injury suffered as a result of Plaintiff's placement in "the hole" (segregation) is psychological injury. Plaintiff's Depo. at 13-14, 23-24,[7] and Exhibit 5 (Plaintiff's Responses to Interrogatories 2-4, and 10). Moreover, Plaintiff provided no documents to defendant evidencing pecuniary loss, although a specific request for documents concerning damages was posed. See id. (Plaintiff's Response to Defendant's Request For Production Of Documents, Request 10).

Thus, Plaintiff has not made the necessary showing of "actual damages" resulting from the alleged violation of the

---

[7] The following exchange is from Plaintiff's deposition:

Q: But you don't know where they [staff] got the information that you were a gang member?

A [by Plaintiff]: No, sir. All I know is that they have hurt my family a lot, being -- by me being -- I have ten kids. Every time I was in a hole, my family didn't know where I was because you can't communicate with them.

And finally, my wife, which I still have a wife and kids, will worry a lot, cry, everything.

Q: Are there any other injuries that you or they suffer as a result of you being put in the hole other than this psychological injury?

A: No.

Plaintiff's Depo. at 23-24.

- 12 -

Privacy Act. That Plaintiff's general prison situation caused mental anguish is insufficient to carry the burden to show "actual damages" under 5 U.S.C. § 552a(g)(1)(C). He is required to come forward with competent evidence that the claimed Privacy Act violations resulted in actual damages. As Plaintiff has failed to make a sufficient showing on an essential element his claim on which he has the burden of proof, summary judgment for Defendant is appropriate. See Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 317, 323 (1986).

Indeed, the burden is heavier for someone like Plaintiff, who is a prisoner under sentence for a felony. See Plaintiff's Depo. at 6, 65, 150. Plaintiff cannot prevail on his claims for damages under the Privacy Act, because his factual allegations establish no resultant physical injury. Plaintiff is, and was at the time this suit was filed, a federal prisoner sentenced for a felony. Plaintiff's Depo. at 6, 65, 150; Plaintiff's Second Amended Complaint, ¶ 4 ("Mr. Montemayor is currently an inmate at the Federal Correctional Institution in Texarcana, Texas. . . at all times relevant to the claims asserted herein, Mr. Montemayor has been in the custody of the Defendant.").

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e); see also 28 U.S.C. § 1346(b)(2) ("No person

convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); Cassidy v. Indiana Dept. of Corrections, 199 F.3d 374, 376-77 (7th Cir. 2000).

> [Plaintiff] cannot maintain his claim for money damages to compensate him for the defendants' failure to expunge inaccurate information from his prison file. See 42 U.S.C. § 1997e(e). Section 1997e(e) prohibits prisoners from bringing a suit for mental or emotional injury without an accompanying physical injury. See id. [Plaintiff] has not alleged, nor has he shown, a prior physical injury resulting from the defendants' alleged actions.

Miller v. Bock, 55 Fed. Appx. 310, 2003 WL 202173 (6th Cir. Jan 28, 2003). Other courts are in agreement.

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This statute is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints. See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA).

Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002). And this Court has been presented the issue before, as well.

> Defendants rely on Davis v. District of Columbia, 158 F.3d 1342 (D.C. Cir. 1998), which upheld the constitutionality of Section 1997e(e), and on decisions

- 14 -

> in other circuits that relied on Section 1997e(e) to reject claims by prisoners who either did not allege physical injury or suffered only minor physical injuries from the allegedly unconstitutional actions of prison officials. Zehner v. Trigg, 133 F.3d 459 (7th Cir. 1997)(no allegation of physical injury); Sarro v. Essex County, 84 F.Supp.2d 175 (D. Mass. 2000)(no physical injury when asthma sufferer required to use inhaler for three days because of restricted airflow to cell); Evans v. Allen, 981 F.Supp. 1102 (N.D. Ill. 1997)(no allegation of physical injury); Luong v. Hatt, 979 F.Supp. 481 (N.D. Tex. 1997)(cuts and bruises lasting three days insufficient physical injury).

Caldwell v. District of Columbia, 201 F.Supp.2d 27, 33 (D.D.C. 2001) (footnote omitted) (decided on other grounds).

Defendant therefore submits that Plaintiff cannot establish a damages claim under the applicable law.

### Transfer

Finally, if the action is not dismissed, the Court should transfer this action. As defendant has argued throughout the pendency of the case, Plaintiff and nearly all of the witnesses deposed in this action are living in Texas and the western United States. Under such circumstances, transfer would be appropriate under 28 U.S.C. § 1404. Although Defendant recognizes that venue does lie in this jurisdiction under the applicable provision of the Privacy Act, venue also is appropriate in the Northern District of Texas.[8] Defendant nevertheless submits that, because

---

[8] 5 U.S.C. § 552a(g)(5) provides in relevant part:

> An action to enforce any liability created under this section may be brought in the district court of

- 15 -

all the witnesses and Plaintiff reside in Texas and surrounding areas, and because the documents involved are in Texas, this action should be transferred there, pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice.[9] Id.; see also Starnes v. McGuire, 512 F.2d 918, 927-31 (D.C. Cir. 1974) (in assessing whether transfer is appropriate in prisoner cases, court should consider such factors as the difficulty in communicating with counsel, difficulty in transferring the prisoner, the availability of witnesses and files and speed of final resolution). Here, these factors warrant transfer of the case, should the Court deny, or defer ruling on, the dispositive aspects of the instant motion.

---

the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia...

[9] 28 U.S.C. § 1404 (a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This statutory provision for transfer applies as well to civil actions in which there are special venue provisions outside of U.S.C. Title 28. Smithkline Corp. v. Sterling Drug, Inc., 406 F. Supp. 52 (D.C. Del. 1975).

CONCLUSION

For these reasons, this action should be dismissed or summary judgment entered in favor of the Defendant. If the action is not dismissed, it should be transferred.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

- 17 -