**DEA SENSITIVE**
This manual is the property of the Drug Enforcement Administration. Neither it nor its contents may be disseminated outside the DEA without the express permission of the Office of Chief Counsel.

[WebSter Home] [Contents] [Search] [What's New] [Help] [Feedback]

# APPENDIX A

## 2735 EMPLOYEE RESPONSIBILITIES AND CONDUCT

(See Memorandum by Deputy Administrator Michele M. Leonhart, dated July 3, 2006, subject: Use of Official Government Vehicles.)

---

## CONTENTS

2735.1 Standards of Conduct

2735.11 Authority

2735.12 Purposes and Scope

2735.13 Responsibilities

2735.14 Interpretation and Advisory Service

2735.15 Employee Conduct

2735.16 Light Duty

2735.17 Limited Duty

2735.18 Medical Advisory Notification

2735.19 DEA Smoking Guidelines

2735.20 Penalty Guidelines

---

## 2735.1 STANDARDS OF CONDUCT

### 2735.11 Authority

In conformance with and through the authority of (as applicable and as may be modified, amended or superseded from time to time) 28 CFR 45.735, Executive Orders 11222, 12674, and 12731, 5 CFR 735, 5 CFR 752, 5 CFR 2635, 41 CFR 101, 18 USC 201-209, and 31 USC 1349(b) (and other statutes and



PLAINTIFF'S
EXHIBIT
206
ALL-STATE LEGAL®

APPENDIX A

regulations as may be applicable), the following Standards of Conduct are established for the Drug Enforcement Administration.

## 2735.12 Purpose and Scope

### A. Purpose

1. To promote and maintain the highest levels of integrity and conduct of DEA personnel.

2. To inform personnel of the standards of conduct and integrity expected of them as employees of DEA.

3. To inform personnel of the potential penalties imposed for breaches of the standards expected of DEA employees.

4. To instill confidence in the DEA work-force by the American public.

5. To ensure DEA's law enforcement mission is not impeded, restricted, or otherwise adversely influenced by employee actions or inactions.

6. To maintain an ethic and atmosphere within the agency in which both professionalism and integrity are requisite attributes of all employees.

### B. Scope

1. This section covers both regular employees and special Government employees, except where specifically excluded.

2. The absence of a specific regulation of conduct covering an act which tends to discredit DEA or the employee does not mean that such an act is condoned, permissible, or would not result in disciplinary/adverse action.

3. Violation of any provision of this issuance may subject the employee involved to appropriate disciplinary/adverse action including removal in addition to any penalty prescribed by statute or regulation.

4. The commission of four (4) acts of misconduct within a two (2) year period may be grounds for the removal of the employee, regardless of the nature of the offenses committed.

## 2735.13 Responsibilities

The intent of the disciplinary system is not to stifle the spirit of the well-intended employee but to guide the employee to the proper conduct, while at the same time ensuring the integrity of the agency. Willful violations, especially those involving integrity, criminal activity, serious violations of the code of conduct, incidents involving alcohol and weapons, alcohol and official government vehicles or any other violations that affect the employee's ability to perform the job or affect the agency's ability to keep the faith with the public it serves, will be dealt with severely and in a strict manner. However, unintended or inadvertent mistakes made in performance of duties in pursuit of DEA's mission or made while off duty will be dealt with fairly, swiftly and compassionately.

APPENDIX A

A. Supervisors. It is the responsibility of DEA's supervisors, officers, and officials, in addition to their duties and responsibilities as employees of this agency, to:

    1. Set and maintain high standards of personal conduct as an example to employees. Supervisory personnel will be held to a higher standard of conduct given their status as managers. Failure to act in response to a situation that the supervisor was or should have been aware may subject the supervisor to disciplinary action or other appropriate measures.

    2. Ensure that the work-areas and personnel assigned under the supervisor's authority are free of sexual harassment and discrimination or other acts of employee misconduct and that persons conduct themselves without regard to the personal characteristics or identifying traits of others (e.g.: race, gender, ethnicity, nationality, or religion). Further, supervisors will ensure that all employees in their area of responsibility are informed of DEA's policy prohibiting sexual harassment and receive training on a continuing basis with respect to their rights and responsibilities.

    3. Review and take appropriate action on complaints of sexual harassment and other discrimination. Every supervisor *shall* advise each employee who comes to the supervisor with a report or complaint of sexual harassment of the avenues of redress provided by 2713.3.

    4. Ensure that all employees in their area of responsibility are informed of DEA's standards of conduct.

        a. New employees will be required to read the complete text of this section within 1 week after entrance on duty. (A copy of this section is to be included in the orientation handout packet which is to be given to all new employees.) New employees will certify that they have received a copy of, have read, and are familiar with this section. This will be accomplished by completion of the employee certification statement on DEA Form 439, Supervisor's Checklist for Job Induction.

        b. All employees will be required to certify annually that they have read and understand the contents of this section. DEA personnel will annually certify that he/she has read the DEA Standards of Conduct on DEA Form 460, Performance Rating, at the time the annual performance work-plans are issued by the supervisors.

        c. **Employees must complete Exhibit 1/2735.13, Office of Inspections Standards of Conduct Questions, as part of the annual certification required in paragraph 2 above, and return the document to their supervisor.**

    5. Initiate, if appropriate, or request initiation of appropriate investigative and/or corrective action when an employee violates DEA's standards of conduct.

    6. Observe and monitor the conduct, performance, and/or actions of their subordinates for potential substance abuse problems. Where appropriate, referrals should be made to the cognizant agency officials and make appropriate supervisory referrals as necessary.

B. Employees. It is the responsibility of each employee to:

1. Maintain the highest standard of honesty, integrity, professionalism, and impartiality in his or her conduct, and encourage others to do so also.

2. Observe DEA's standards of conduct.

3. Consult, as appropriate, his or her supervisor or the Office of Personnel when in doubt about any provision of DEA's Standards of Conduct. Follow and comply with the directions, orders, guidance and policies of his/her supervisors and senior managers, as well as the applicable orders, policies, regulations, and laws of DEA, DOJ, and the Federal government.

4. Report, as appropriate, the misfeasance or malfeasance of other employees.

## 2735.14 Interpretation and Advisory Service

The Chief Counsel is designated as DEA counsel in accordance with 5 CFR 735.105, and shall, as appropriate, provide legal advice, guidance and assistance with respect to the interpretation of matters relating to ethical conduct, particularly matters which involve potential conflicts of interest.

## 2735.15 Employee Conduct

### A. General

1. DEA personnel are prohibited from engaging in any criminal, infamous, dishonest, or notoriously disgraceful conduct or other conduct prejudicial to DEA, to the Department of Justice, or to the Government of the United States. DEA personnel shall always conduct themselves in a professional manner and will follow applicable policy, directives, orders, and standards in their actions.

2. DEA personnel, as members of the law enforcement community, occupy positions of trust and shall refrain from omissions or commissions of conduct in their off-duty hours which will impact, influence, impede, or in any way affect their DEA responsibilities.

3. The following standards of conduct are the prescribed minimum acceptable behavioral guidelines for DEA personnel. These standards are not to be considered all-inclusive and may be supplemented by DEA as necessary. These standards may be amended, modified, interpreted, or supplemented through the issuance of policy directions, instructions, orders, or other similar guidance as may be issued from time to time by the appropriate management personnel. Such guidance, when issued, shall continue in effect until rescinded or until it expires on its own terms.

### B. Financial Interest

1. An employee, his or her spouse, minor child, or member of his or her immediate household related by blood is prohibited from having a direct or indirect financial interest that conflicts substantially or appears to conflict substantially with his or her DEA duties and responsibilities.

2. An employee shall not engage in, directly or indirectly, a financial transaction as a result of or primarily relying on information obtained through his or her DEA employment or with

DEA001575

anyone who is a party to an official matter of DEA interest.

    a. A conflict of interest may exist even though there is no reason to suppose that the employee will, in fact, resolve the conflicting situation to his or her personal advantage.

b. An employee is permitted to have a financial interest or engage in a financial transaction to the same extent as a private citizen not employed by DEA so long as it is not prohibited by Executive Order 11222, 28 CFR 45.735, Section 2734, provisions of this section, or other appropriate guidance, policy or regulations.

c. For additional guidance regarding statements of employment and financial interest see Section 2734.

C. Gifts, Gratuities, Entertainment, and Favors

1. An employee may not accept or solicit any gift or gratuity which could possibly indicate a conflict of interest or create an appearance of a conflict or of impropriety.

2. This does not preclude an employee from:

    a. Accepting food and refreshments of nominal value in the ordinary course of a luncheon, dinner, or other meeting held on a personal basis.

b. Accepting unsolicited advertising or promotional material such as pens, pencils, note pads, calendars, or other items of nominal value in quantities in which such items are normally distributed.

c. Accepting bona fide reimbursement for actual expenses for travel other necessary subsistence for which no Government payment or reimbursement is made, if compatible with the restrictions set forth in 28 CFR 45.735, and not otherwise prohibited by law. This does not allow reimbursement for excessive personal living expenses, gifts entertainment, or other personal benefits, nor does it allow an employee to be reimbursed for travel on official business under DEA orders where reimbursement is prohibited. See Comptroller General's decision B128527 (46 Comp. Gen. 689).

3. Employees are required to report all gifts, decorations or gratuities (including travel expenses) received from foreign officials or governments which have an estimated value of $50 or more. This reporting requirement extends to gifts received by an employee's family members. A gift or decoration from a foreign official or government with an estimated value of less than $225 (as may be amended from time-to-time, 41 C.F.R. 101-49.001-5) may be retained by the employee or his or her family member. Gifts valued at $225 or more are considered Government property and the Office of Administration will determine the disposition of such gifts.

4. An employee may not solicit a contribution from another employee for a gift to an official superior, make a donation as a gift to an official superior, or receive a gift from an employee who receives less pay than himself/herself. Excluded from this regulation are truly voluntary gifts of nominal value or donations on a special occasion, such as marriage, illness, retirement, or death.

DEA001576

APPENDIX A

D. Speeches, Lectures, and Publications

1. An employee of DEA cannot accept a fee or remuneration from an outside source for a public appearance, a speech, a lecture, or a publication when its content came from official data or ideas which are not public information.

2. An employee shall not engage in teaching, writing or lecturing (with or without compensation) that is dependent on information obtained as a result of his or her Government employment except when either (1) that information has been made available to the general public or (2) the Deputy Attorney General gives written authorization for the use of non-public information on the basis that the use is in the public interest.

3. The Copyright Act of 1976 provides that any article, manuscript or other writing prepared by an officer or employee of the United States Government as part of that person's official duties is a "work of the United States Government." The act further provides that such "Government works" cannot be granted a copyright.

E. Employment Outside of DEA

1. Benefits. The term outside employment means any type of employment exclusive of DEA employment, including self-employment, employment by a third party, hobby-income, or participation in any business venture, whether or not there is any profit to the employee. Self-employment includes any participation or interest in a business, corporation or franchised operation. It includes any promotion or sale of items on behalf of a company, franchise, corporation, business, spouse, relative or friend.

2. Exclusions. Outside employment does not include the ownership of stocks and bonds and an employee's personal management of investments of this kind; nor does outside employment include the ownership of income producing real estate, as long as the employee does not in any manner utilize official time or facilities to manage such property. The management of real estate owned by third parties, however, is considered outside employment. This includes any employment as a "Resident Manager" of an apartment building or complex, even though the only pay received is in the form of reduced personal rent of the employee.

a. **Certain volunteer activities are not considered outside employment. Services must be truly voluntary, result in no compensation to the employee, and be provided on the employee's own time. They cannot interfere or be inconsistent with the employee's federal job duties.

b. Some acceptable volunteer activities are coaching and leading youth activities, donating time to nonprofit activities, helping senior citizens or disadvantaged persons, community programs, or religious activities.**

c. DEA personnel who seek to engage in volunteer activities such as those listed above in subparagraphs a. and b. need not obtain the approval required in paragraph 6 below.

3. Prohibitions.

a. No employee shall engage in any outside employment which will create or appear

DEA001577

to create a conflict of interest, reflect adversely upon the Department of Justice, or in any manner interfere with availability or the proper and effective performance of the duties of his/her position. See 28 CRF, Section 45.735-9(f).

b. **No employee may engage or participate in outside employment which involves or requires that he/she carry a firearm in association or fulfillment of that employment.

c. No employee may engage or participate in outside employment which involves or requires the execution or performance of law enforcement duties or quasi-law enforcement duties.**

4. Use of Appropriated Funds. Employees who have secured approval to engage in outside employment are not authorized to use appropriated funds or items purchased or leased through the expenditure of appropriated funds in furtherance of their outside employment. While not all inclusive, use of the following items are also prohibited in the pursuit of non-DEA activities:

a. Government office space.

b. Government vehicles or Government-furnished transportation.

c. Other Government employees, including courier or messenger services.

d. Franked envelopes or franked mail stickers.

e. Typewriters, word processors, reproduction equipment, bulletin boards, telephone service.

Any other item or service purchased by appropriated funds.

5. Specific Restrictions on Outside Employment

a. SES Employees. Employees in the SES require the approval of the Attorney General before they may engage in outside employment.

b. Special Agents. DEA Criminal Investigative (Special Agents) personnel, due to the nature of their jobs, are limited in the types of outside employment for which they may apply. In addition, Criminal Investigative personnel, given their often unpredictable time schedules, generally do not have hours of work conducive to many types of outside employment. Outside employment requests will often conflict with one or more of the restrictions listed in subparagraph 3 or 4 (above), and accordingly (in those instances) is prohibited.

c. Other Core Series Personnel. Requests from other core series employees (GS-1801, GS-1810, GS-132, and GS-1320 and any other classification which is designated as a core series) require careful scrutiny by the immediate supervisor of the individual concerned. The supervisor should pay particular attention to the restrictions listed above.

d. Non-core Series Personnel. Requests from non-core employees require a review by the immediate supervisor who, at his/her discretion and after conducting his/her review of the

application, may favorably recommend requests for outside employment that do not conflict with the above restrictions, or exceed twenty hours per week for employees at grades GS-09 and below and a lesser number of hours for those at GS-11 and above. Note: Some employees, such as attorneys, have additional restrictions.

6. Request and Authorization for Outside Employment

a. All DEA employees must have received the appropriate approvals prior to engaging in outside employment. To obtain prior approval, an employee must present a DEA Form 478 to his or her immediate supervisor. The supervisor will concur or non-concur on the form and forward it through channels to the Deputy Assistant Administrator for Personnel for final approval/disapproval. In the case of SES Employees, the request will be forwarded through appropriate channels to the Deputy Attorney General.

b. Employees in foreign posts of duty must also have the approval of the Ambassador before engaging in outside employment in the host country.

c. Only after this process is complete may an employee begin his or her outside employment.

7. Annual Requirement

a. Employees who maintain outside employment with the same outside employer, in the same or similar capacity as previously approved, must submit anew request on DEA Form 478 annually between January 1 and January 31. Changes in outside employment must be approved prior to beginning the new employment. Disapproved requests will be returned promptly to the requester.

b. DEA personnel are specifically cautioned that inaccurate or untruthful submissions made in support or concurrent with an application for outside employment may result in disciplinary action and/or denial of the outside employment application.

F. Gambling, Betting, and Lotteries. DEA personnel are not to engage or participate in gambling, betting, or management of lotteries while on Government-owned or leased property or while on official duty, except in the maintenance of an undercover identity or in approved fund raising activities.

G. Use of Government Property

1. All employees are required to properly use and protect all equipment and supplies issued to or used by them. DEA personnel are to safeguard property in their possession, control, or work-area. Government property will only be used for officially approved purposes and will not be used for personal use or benefit, except for such de minimus use which involves negligible or no expense to the Government and does not interfere with or otherwise impede official business. This limited authority, i.e.: to make de minimus use of government property or materials, does not permit an employee to access administratively controlled information for his or her personal use nor to access informational databases.

2. Government mail privileges may only be used for the following (in addition to the forwarding of official correspondence):

a. The forwarding of a job application to DEA Headquarters for a DEA vacancy and/or for DEAs annual application rating process.

b. The submission of an employee grievance in accordance with <u>Section 2771</u>, DEA Grievance Procedures.

c. The forwarding of a response to a proposed adverse action to DEA's Deciding official in accordance with <u>Section 2752</u>, Discipline, Adverse Actions and Appeals. (DEA mailing privileges shall not be used to file appeals to the Merit Systems Protection Board or other adjudicatory body or to correspond with an employee's representative or attorney.

d. Communicating with or forwarding pertinent information to EEO counselors or investigators or filing initial appeals with the Equal Employment Opportunity Commission or the DOJ Complaints Adjudication Office.

H. Purchase of Seized Property. No employee of DEA may knowingly purchase, or have another person purchase on his or her behalf, property from the Federal government that was seized by DEA or another Federal agency during an investigation n which employees of DEA participated. Further, no employee may disclose to another person any information concerning such property (i.e., appraised value, etc.) which would give that person an advantage over other prospective bidders at auction.

I. Official Government Vehicles. Official Government vehicles (OGVs) shall only be used for official purposes. 31 U.S.C. 1349(b). The term official purposes will be interpreted strictly and will not be construed to encompass the mingling of official business with personal business. Use of an OGV for transportation of employees between their domiciles and places of employment can only be justified when affirmatively authorized by statute, as in 31 USC 1344.

1. The term Official Government Vehicles includes not only those vehicles assigned to DEA's fleet but also those vehicles which may be leased and rented and/or loaned to DEA by other agencies and entities to include vehicles rented or obtained pursuant to an agency travel orders, acquired under a government credit card or under the terms and conditions of the government car rental contract with various car rental companies. This term also includes aircraft and other modes of transportation.

2. OGVs shall be operated safely and prudently at all times. DEA personnel shall drive defensively and shall exercise due care in the operation of a vehicle. Except in exigent enforcement activities, DEA personnel shall obey all regulations, statutes, ordinances, and/or other applicable guidance in their operation of a vehicle. Even in exigent enforcement operations, vehicles shall be operated with due regard for the safety and preservation of human life.

3. An employee who willfully uses or authorizes the use of an OGV for other than official purposes is subject to disciplinary/adverse action. Title 31 USC1349(b) provides a minimum 30-day suspension for an employee who willfully uses or authorizes the use of any official Government owned or leased motor vehicle or aircraft for other than official purposes.

4. For the purpose of this section, willful use includes but is not limited to unauthorized use with or without illegal intent, intentional disregard, or plain indifference to statutory or regulatory requirements.

APPENDIX A

5. While not all encompassing, listed below are some examples of instances wherein the use of the OGV is not authorized:

a. Operating an OGV without possessing a valid state driver's license from the state, territory or possession where currently assigned. (State driver's license includes those issued by the District of Columbia, Puerto Rico, or a territory or possession of the United States.) The license must be in the operator's possession at all times while driving an OGV.

b. Using an OGV to visit relatives, friends, acquaintances, etc., when such visits are not conducted for official business purposes.

c. Using an OGV to transport any individual when such individual is not in an official business capacity.

d. Transporting children to and from school or a spouse or friend to and from work even though the school or place of work is on the regular route to the operator's official duty station.

e. Using the OGV for the express purpose of transporting or towing of personal property when not related to official business; i.e., transporting furniture, gardening equipment and the like or towing boats and/or trailers.

f. Permitting an unauthorized person to operate an OGV.

g. Using an OGV solely for commuting purposes or for transportation between a person's residence. Storage of an OGV at an employee's residence is permissible only when authority is obtained in accordance with the Agents Manual, Section 6124, and the Administrative Manual, Subsection 0325.5.

h. Traveling to and stopping at a drinking establishment when not in the interest of official business. General discussions of official business relating to enforcement activities conducted in a bar or cocktail lounge do not constitute official business.

i. Using an OGV for personal business such as leaving the duty station or residence to cash paychecks, to pay bills, drop off or pick up mail, pick up dry cleaning, grocery shopping, etc.

j. While under the influence or after the consumption of alcohol.

k. Leaving the scene of an accident, or not cooperating with appropriate authorities conducting an investigation of an accident or other vehicle related incident or inquiry.

6. Alcohol related incidents involving DEA employees operating an OGV or privately-owned vehicle (POV) will be handled as follows:

a. The SAC, CA, or Office Head will immediately suspend the certification for the privilege of home-to-work utilization of an OGV for any employee involved in an alcohol-related incident operating an OGV or POV.

DEA001581

b. This suspension will remain in effect until such time that the SAC, CA or Office Head feels confident that the offense is atypical of the employee's normal conduct and that recidivism is unlikely. In no event shall the suspension of the home-to-work driving certification be less than 60 days. In reaching this decision, the Employee Assistance Program (EAP), EAP Clinician, or other agency designated health official may be contacted.

c. The suspension of an individual's home-to-work certification will be reported in a teletype to Headquarters, (attention: OPR, HB, and HPMH). When an individual's home-to-work driving privileges are restored, reasons supporting the decision shall be articulated via memorandum to HB. This memorandum to HB will be for informational purposes only, but HB can request additional if deemed appropriate.

d. SACs, CAs, and Office Heads are accountable for carefully exercising good judgment in making these determinations. In certain limited circumstances employees may transport dependents in an OGV when the dependents are accompanying them to quasi-social functions to which they have been invited in their official capacity. Prior approval must be granted before an OGV is use for such reasons. Employees should contact the Office of Personnel for additional guidance as needed.

7. Use of OGV's in foreign areas is also governed by embassy and other additional DEA policies and guidance.

J. DEA Records and Official Information. Employees will comply with all applicable regulations, guidance, and policy regarding the safe-guarding, review, and removal of documents by DEA personnel, the maintenance of personal papers by DEA personnel, and the security and integrity of official records. No employee shall:

1. Intentionally destroy, mutilate, remove, falsify, conceal, alter, or make an unauthorized copy of any Government record for his or her own purposes.

2. Make a false or fraudulent statement or create any false document.

3. Use information which directly or indirectly comes to that employee by reason of his or her employment with DEA for financial gain for himself/herself or for another person or make any other improper use of such information.

4. Communicate, furnish, transmit, or otherwise divulge privileged, administratively controlled or classified information to an unauthorized person.

5. Acquire, distribute, or maintain (either intentionally or in a negligent manner) administratively controlled, privileged, or classified information from another agency, person, or entity under false pretenses.

K. Employee Indebtedness. No employee is to fail, without good reason, to honor in a proper and timely manner all debts acknowledged by him or her to be valid, reduced to judgment by a court, or imposed by law, and to provide satisfactory settlement thereof.

L. Employee Testimony and Accuracy in Official Documents

APPENDIX A

1. DEA personnel, when directed to do so by appropriate authority or during the scope of their official duties, must testify or respond to questions under oath as required. This duty to respond fully and truthfully applies during administrative interviews and any other official agency business and is applicable whether the employee concerned is providing a statement about his or her own misconduct, the misconduct of others, observed facts, past recollections, opinions, or is providing a written or oral communication upon which a trier of fact or other similar body or forum will or may have cause on which to rely or consider.

2. DEA personnel will testify truthfully in all matters and will always be honest and forthright in any statement, communication, testimony they author, provide, condone, or otherwise cause others to rely upon.

3. DEA personnel will recount and provide all facts, data, information, and any other form of evidence in a truthful and fully responsive manner. DEA personnel will not omit or distort facts or other information when questioned or when authoring, completing, reviewing, or assisting in the drafting of reports or other official documents. DEA personnel will ensure documents are accurate and complete. Documents requiring signature shall not be signed unless read and confirmed as accurate, and it is incumbent upon the employee to ensure that any and all information he/she provides, whether orally or in writing, is accurate and complete

4. In criminal matters in which the employee may be criminally prosecuted for his or her misfeasance or malfeasance, the employee may exercise his or her right against self-incrimination as afforded under the United States Constitution. In all other matters, the employee must respond fully to questions posed by appropriate personnel.

5. DEA core series personnel have a heightened duty to ensure information or testimony they provide under oath (or affirmation) in written or oral form is accurate, complete, and truthful. Documents executed under penalty of perjury or in matters of official interest shall always be accurate and shall not be signed unless read and are confirmed as accurate.

6. A DEA employee will not knowingly permit others to create, promulgate, communicate, distribute, or condone false, inaccurate, or incomplete testimony, statements, or other written or oral communication.

M. Employee Political Activity. The Hatch Act has been amended to lift many of the previous restrictions regarding political activity. Career members of the Senior Executive Service remain covered under the previous restrictions of the Hatch Act. (Employees with questions on political activity may contact the Office of Personnel or the Office of Chief Counsel.)

1. DEA personnel can:

a. run as an independent candidate in partisan elections

b. run as a candidate in a nonpartisan election

c. register and vote as they choose

d. assist in voter registration drives

DEA001583

e. express opinions about candidates and issues

f. contribute money to political campaigns

g. attend political fund-raising functions

h. attend and be active at political rallies and meetings

i. join and be an active member of a political party or club

j. sign nominating petitions

k. campaign for or against referendums, constitutional amendment and ordinances

l. campaign for or against candidates in partisan elections

m. distribute campaign literature in partisan elections (but not on duty)

n. hold office in political clubs or parties

2. DEA personnel cannot:

a. run as a partisan candidate in a partisan election

b. use their official authority to influence or interfere with an election

c. collect political contributions unless both individuals are members of the same union (if one exists) or employee organization and one solicited is not subordinate of the other

d. knowingly solicit or discourage the political activity of any person who has business before the agency

e. engage in political activity while on duty

f. engage in political activity while in uniform

g. engage in political activity while in an official vehicle

h. solicit political donations from the general public

i. wear political buttons or display other campaign items while on duty

N. Employee Participation in a Riot or Civil Disorder

1. DEA personnel will not participate or incite any act of civil disorder against any instrument of a local or state government or against the Federal government if the purpose or aim of such disorder is to undermine competent civil authority, cause anarchy, or disrupt the administration of justice or the delivery of traditional governmental services. While DEA personnel retain their constitutional rights in their private capacities to free speech and

DEA001584

assembly, DEA personnel must be aware that, as government employees, their actions are viewed and examined by others with great scrutiny and their participation in an act of civil disorder may erode the general public's confidence in the actions of a government's duly elected or appointed officials.

2. DEA personnel convicted of a felony (any offense for which imprisonment is authorized for a term exceeding 1 year) by any Federal, State or local court of competent jurisdiction in connection with an act of civil disorder will, on the date of their conviction becoming final, be proposed for removal from their position with DEA. This penalty covers conviction of felony for:

   a. Inciting a riot or civil disorder.

   b. Organizing, promoting, encouraging, or participating in a riot or civil disorder.

   c. Insurrection.

   d. Aiding or abetting any person in inciting, organizing, promoting, or encouraging civil disorder.

0. Misuse of Office and Coercion. DEA personnel will not:

   1. Use his or her official position for private gain.

   2. Coerce or give the appearance of coercing any person to provide financial benefit to himself/herself or to another person through the use of his or her office.

   3. Use his or her official position to give preferential treatment to another individual.

   4. Attempt to bribe or intimidate public officials and/or witnesses.

   5. Conduct unauthorized or illegal searches of premises, automobiles, or persons or deny the Constitutional rights of others.

   6. Embezzle, steal, purloin, sell, convey, or dispose of in an unauthorized manner any record, voucher, money, substance, or thing of value to the United States.

   7. Use his or her position to sell, collect for personal use, or otherwise dispose of controlled substances in an unauthorized manner.

   8. Use his or her position to tamper with or remove any evidence purchased, seized, or otherwise in possession of DEA or one of its employees.

   9. Solicit or otherwise engage in personal business transactions which involve or give the appearance of involving the use of official time or facilities.

   10. Glean or garner information not commonly available to the general public and use that information for nonofficial purposes.

   11. Obstruct or attempt to obstruct an official investigation, inquiry, or other matter of

DEA001585

official interest.

12. Contact or in any way attempt to influence the DEA Deciding Officials, the DEA Board of Professional Conduct or any other person or entity who has before him or her a pending disciplinary matter or attempt to influence the process involving a disciplinary matter through indirect communications or pressure.

13. Distribute or disclose information not commonly available to the general public for nonofficial purposes.

P. Use of Intoxicating Beverages or Drugs

1. DEA personnel will not consume or be under the influence of intoxicants in DEA offices or on Government property designated for the conduct of official business.

2. DEA personnel will not consume or be under the influence of intoxicants during their official duty hours.

3. DEA personnel will not consume or be under the influence of intoxicants while operating an Official Government Vehicle.

4. Off-duty DEA personnel subject to recall to duty shall not permit themselves to be rendered unavailable for duty through the consumption of intoxicants.

5. Intoxicants deprive individuals of the normal clearness of intellect and personal control which a person would otherwise possess. As such, the use of such substances while on duty is inherently inconsistent with the mission of this agency. DEA personnel shall not use a controlled substance except such substances as may be prescribed by a licensed physician for treatment of illness or condition or as contained in an over-the-counter medication.

6. No employee will use a controlled substance except to treat a medical condition as prescribed by a duly licensed medical professional. Department of Justice Order 1732.2 designates all positions within DEA as sensitive. DEA is excluded from the provisions of Public Law 91-616 and 92-225 and all regulations implementing these laws. Although DOJ Order 1732.2 precludes persons with alcohol or drug problems from DEA employment, DOJ Order 1792.1 allows employees with alcohol or drug problems to seek assistance under the Employee Assistance Program.

7. Employees in a duty status are prohibited from consuming alcoholic beverages or drugs. The phrase "under the influence" includes but is not limited to all of the publicly known and commonly accepted conditions and degrees of being under the influence (such as unsteady gait, slurred speech, fixed stare, loss of muscular control, strong odor of alcohol), but also includes any employee who has consumed alcoholic beverages or drugs to any extent - whether they are legally intoxicated under applicable state law or not, except as may be duly and specifically authorized for an undercover operation. There is no requirement that an employee's degree of impairment be determined with scientific accuracy by appropriate testing or that, if such testing is conducted, that the blood alcohol of the employee be at or above a certain level.

Q. Unprofessional Conduct

DEA001586

1. Every DEA employee is responsible for behaving in a professional manner appropriate to the setting, and in a civil and courteous manner toward other DEA employees and the general public. Employees will be mindful that their conduct and demeanor reflects directly upon DEA and will ensure that their actions do not reflect unfavorably upon DEA. No employee will act in a manner which will bring disgrace or disfavor upon DEA or act in a manner that will cause the general public to question, ridicule or attack the efforts of this agency or its personnel.

2. A DEA employee will not associate with individuals known or suspected to be involved in illegal drug trafficking or other criminal activity in other than a strictly professional capacity. This prohibition also applies to Confidential Source contacts and former Confidential Source contacts. Extrinsic social, financial or business contacts with individuals of this nature are **expressly prohibited**. DEA employees are to strictly maintain only the highest standards of conduct with respect to informants, known criminals, or with individuals engaged in criminally violative activity.

R. Unauthorized Recording of Employee Conversations. No employee is to record conversations of another individual without the mutual consent of all parties, except in the conduct of bona fide official investigations under the auspices of the Office of Professional Responsibility or other appropriate organization.

S. Occurrences an Employee Must Report to His/Her Supervisor:

1. An employee must inform his or her supervisor whenever he or she discharges a firearm, in accordance with Agents Manual, Section 6122, except when authorized at a firing range or other area in which firearms training is conducted.

2. An employee of DEA must immediately report to his or her supervisor any arrest and any instance whereby he or she has been taken into custody, held for investigation, or detained for questioning. Minor traffic violations while operating a non-Government vehicle, such as parking violations or other traffic violations involving a fine or collateral of $150 or less, need not be reported; however, any infraction with an official Government vehicle must be reported immediately to the employee's supervisor.

3. Any other illegal activity or other misconduct must be reported and is not limited to the above instances.

T. Reporting Situations Which Reflect on the Integrity of an Employee or on DEA. Allegations or complaints regarding infractions of these standards of conduct must be reported to proper DEA authorities.

1. Any employee who has any information which indicates or alleges that another employee of DEA is engaged in improper or illegal activities in violation of these standards of conduct will immediately report such information to his or her supervisor or directly to the Office of Professional Responsibility. (*See* Planning and Inspection Manual Section 8308.)

2. No employee may make a malicious report of misconduct or misfeasance against another DEA employee or any other individual. If a supervisor receives a report of misconduct, he or she must make a determination whether the matter can be handled at the local level or represents a serious matter which warrants reporting to the Office of Professional

DEA001587

APPENDIX A

Responsibility. (See the Planning and Inspection Manual, Section 8121.) Consultation with the supervisor's chain-of-command or OPR officials should be obtained in questionable circumstances.

U. Discrimination. No employee may discriminate against any employee, applicant for employment, or person dealing with DEA on official business because of race, color, religion, national origin, sex, sexual orientation, age, or handicap.

V. Sexual Harassment and Other Unprofessional Conduct. Sexual harassment is a form of employee misconduct which undermines the integrity of the employment relationship. It destroys morale and interferes with the work productivity of its victims and the victim's coworkers. Every DEA employee is responsible for assuring that the work-place is free from sexual harassment. It is a violation of Federal law and of these Standards of Conduct. Sexual harassment is defined in 2713.3 of this Manual. That section also explains a victim's options to complain about and seek relief from sexual harassment.

W. Quid Pro Quo Harassment

1. Unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an employee's employment or (2) submission to or rejection of such conduct by an individual is used as a basis for employment decisions affecting the individual.

2. A supervisor who uses explicit or implicit coercive sexual behavior to control, influence, or affect the career, salary, or job of an employee is engaging in sexual harassment. While not all encompassing, listed below are some examples of conduct which could constitute sexual harassment and could result in appropriate disciplinary/adverse action, up to and including demotion to a non-supervisory position or removal.

a. Giving or promising personnel actions in exchange for sexual favors.

b. Taking or threatening personnel actions because an individual refuses to engage in sexual conduct.

c. Requiring an employee to tolerate sexually offensive behavior in order to retain the job.

X. Hostile or Offensive Work Environment. Unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature also constitute sexual harassment when the conduct has the purpose or effect of affecting or interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment, whether the activity is carried out by a supervisor or a co-worker. Sexual harassment may be found when the conduct, considered in context, would be intimidating, hostile, or offensive to a reasonable person, regardless of whether the actor intended to offend. Either sex can commit sexual harassment. While not all encompassing, listed below are examples of instances which could result in appropriate disciplinary/adverse action.

1. Displaying 'pinup' calendars, sexually demeaning pictures, or graffiti in the work place.

2. Leaving offensive material on an employee's desk.

3. Deliberate or repeated unwelcome sexually explicit remarks, jokes, or teasing.

DEA001588

APPENDIX A

4. Maintaining or tolerating an office atmosphere pervaded by sexual slurs, insults, or innuendos.

5. Subjecting another employee to repeated unwelcome pressure for dates.

6. Requiring or pressuring employees to dress or behave in a sexually suggestive manner.

7. Arranging for or permitting sexually explicit entertainment in a work related context, at or away from the work-place.

8. Using or tolerating unwelcome, demeaning or inappropriate terms of address.

9. Ostracizing, or tolerating ostracism, of members of one gender by members of the other.

10. Repeated or deliberate unwelcome intentional contact with an individual's intimate body areas is sexual harassment (and may also be a criminal offense under applicable state law and/or an assault subject to mandatory reporting to OPR under Section 8308 of the Planning and Inspection Manual).

Y. Retaliation. No DEA employee shall take any reprisal action against another employee for exercising the right to file a report, an allegation to OPR, a complaint of discrimination (including sexual harassment), grievance, complaint of whistleblowing with the Office of Special Counsel, or appeal. Engaging in an act of retaliation may subject the responsible employee to appropriate disciplinary/adverse action, independent of the merit of the complaint, grievance, or appeal. While not all encompassing, listed below are some examples of actions which, if taken as a result of the exercise of a protected right, could be considered acts of reprisal subject to disciplinary action:

1. Inconsistent enforcement or increased severity of enforcement of existing rules, regulations, and policies, such as requiring the complainant to meet more stringent standards than other similarly situated employees.

2. Depriving a complainant of existing assignments, duty station, responsibilities, privileges, or fringe benefits.

3. Ostracism or verbal harassment of a complainant.

Z. Employee Dress. DEA personnel on official duty will present a businesslike appearance at all times. Except when authorized by their supervisor to use another mode of dress because of the nature of their regular job duties or as a result of the need to perform a special task or for other circumstance (e.g., range training or undercover surveillance), employees will adhere to the dress standards described herein. Male employees will wear dress shirts, ties and slacks. Suit or sport jackets will be worn when dealing with the public. Female employees will wear conservative dresses, dress slacks or skirts and sweaters or blouses. All employees will be neat and well-groomed. DEA personnel will dress professionally when called to testify or are otherwise representing DEA in an official capacity.

AA. Employee Candor and Truthfulness. DEA personnel will be frank and honest in the performance of their duties. DEA personnel will not create false documents or issue or utter false oral communications, provide false, misleading or inaccurate testimony, knowingly or negligently misrepresent facts, permit a known or suspected falsehood to continue unreported or unchallenged, or provide non-responsive answers to properly authorized officials such as supervisory personnel, prosecutors, or agency

DEA001589

APPENDIX A

investigators.

BB. Employee Hours of Work. Employees are expected to report and be at their posts of duty during their regularly scheduled hours of work, except for authorized periods of leave and holidays. Employees shall be at their assigned post of duty at the beginning of their shift of duty and shall remain at that post throughout the day, except for such breaks as may be authorized by supervisory personnel for the employee's comfort or meals. Employees are not permitted to independently adjust their shifts or posts of duty without supervisory approval.

CC. Insubordination. Employees shall follow the orders, directions, and policies of supervisors, managers, on scene commanders, and/or more senior officials, as well as all policies, procedures, regulations, and laws which govern their conduct or duties. Employees shall similarly obey the directions or commands of acting supervisory or management personnel.

## 2735.16 Light Duty - Shooting Incident

Any agent, directly involved in a shooting resulting in injury or death, will immediately be temporarily assigned by the SAC to Light Duty not to exceed 5 days. HP will extend the 5 days if required. The Shooting Team will notify HP of the agents involved so that HP can coordinate the appropriate actions with the SAC.

A. While on Temporary Light Duty the agent will not participate in any enforcement operations. Specific duties while in this status will be determined by the agent's immediate supervisor. Additionally, while in this status, the agent will be afforded the option, subject to the approval of the SAC, of using up to 5 days of administrative leave.

B. Within 10 working days of the shooting, the Office of Inspections will ensure that a preliminary investigation is conducted and presented to the Chief Inspector who will determine that the agent either be returned to normal duty or placed into another status (administrative leave or limited duty).

B. Deputized Officers involved in similar situations will also be placed into this Temporary Light Duty status; however, coordination with the parent agency must be ensured by the SAC.

## 2735.17 Limited Duty

A. Misconduct. All DEA employees who are involved in certain serious misconduct incidents may be placed on limited duty. **The Chairman, Board of Professional Conduct, is delegated the authority to place employees in a limited duty status during all or part of an advance notice period for a proposed adverse action.** While on limited duty for misconduct or allegations of misconduct incidents, DEA Agents will not participate in surveillance, arrests, searches, seizures, or in the development of new enforcement matters. Any employee on limited duty will normally be assigned duties deemed appropriate by management within the appropriate DEA office.

1. An employee may be placed on limited duty when the employee is under investigation by the Office of Professional Responsibility (OPR) or at anytime when the employee's official superiors determine that the employee's conduct warrants such action See 2752.13.

2. A DEA Special Agent, or any other employee, who is placed in a limited duty status due to misconduct may be prohibited from operating an OGV, carrying a firearm, or carrying a DEA badge. The official placing the employee in the limited duty status will be responsible

DEA001590

for making the determination regarding the employee's restricted duties. DEA credentials, or other identification, may be retained by the employee only to the extent required to access his/her assigned work place or to perform specifically assigned duties.

3. DEA agents who are placed on limited duty must be assigned a tour of duty that will include two hours of scheduled Availability Pay in addition to their regular eight hour duty day, i.e. 10 hours per work day and 50 hours per work week.

B. Medical. Limited duty can be defined as removing some or all of the normal duties of the assigned position from the employee for a specific amount of time. For any employee who cannot perform the functions of his/her job description, medical information should be submitted to the Office of Personnel, Health Services Unit (HPMH) for review prior to the employee's return to work. The incoming medical information should contain any restrictions his/her physician recommends. The Chief Medical Officer will review the information and advise whether the employee can return to full duty. If a Special Agent/Chemist cannot return to full duty, he/she will be placed on a medical advisory. The DEA Medical Officer will review the incoming medical information for a noncore emmployee and telefax the findings to the respective supervisor.

1. Any employee may be placed on limited duty for medical problems. Placing an employee on limited duty is not to be construed as a disciplinary action. The management official placing an employee on limited duty will define what duties may or may not be performed by the employee while in this status. Sufficient medical documentation is required before an employee is returned to full duty following a medical limited duty situation.

2. SACs, LAs, CAs, and Headquarters Officials are delegated authority to place employees in a limited duty status for periods of 30 days or less. HP is delegated the authority to place an employee in a limited duty status for periods in excess of 30 days.

3. Any official who initially places an employee on limited duty will notify HP within three (3) business days of this action. In emergency situations the notification requirement to HP must be accomplished within 24 hours. All such notifications will be in writing, and include notification to the affected employee(s).

4. Employees who are placed on limited duty will normally be assigned duties within the scope of their position, in conjunction with medical restrictions. Determinations as to whether they will be permitted to operate an OGV, carry a firearm or keep DEA credentials or badges will be made by the official placing the employee in a limited duty status and may be altered based on medical information.

## 2735.18 Medical Advisory Notification

A. Definition. Employees (specifically Special Agents, Chemists) will no longer be placed on medical restrictions as a result of a medical condition that prohibits the individual from performing the full range of duties of the position.

B. Medical Advisory Process. When a determination is made by the DEA Medical Officer that an employee has a medical condition, the Deputy Assistant Administrator for Personnel (HP) will send a medical advisory notification memorandum to the Special Agent in Charge (SAC), Country Attache (CA), Laboratory Chief (LC), Office Head (OH), or appropriate management official with a copy to the employee. The memorandum will state that the employee has a medical condition and identify any

limitations this condition may entail.

C. If further clarification is needed, a Medical Fitness for Duty Examination (MFFDE) or Suitability Review Protocol examination (SRP) may be ordered. The employee will be examined by a DEA-appointed physician. The physician will be provided with a list of questions, a copy of the employee's performance work plan, and the current position description. This process allows the assessment of the employee's ability to perform specifically assigned duties.

D. If, based on the results of a Medical Fitness for Duty Examination, accommodation cannot be provided, reassignment within DEA or other appropriate action will be taken.

## 2735.19 DEA Smoking Guidelines

A. It is DEA policy to protect the rights of nonsmokers (both Federal employees and visitors) by prohibiting smoking in DEA-occupied buildings and facilities. To the extent feasible, DEA will attempt to identify smoking areas in the vicinity of Federal facilities.

B. DEA will establish a "nonsmoking" program to assist smokers who wish to stop smoking.

## 2735.20 Penalty Guidelines

Appendix 2735A is a partial listing of offenses and the corresponding possible penalties that may be imposed for certain types of offenses. These penalties are in addition to any applicable penalty prescribed by law.

[WebSter Home] [Contents] [Search] [What's New] [Help] [Feedback]

DEA SENSITIVE
This manual is the property of the Drug Enforcement Administration. Neither it nor its contents may be disseminated outside the DEA without the express permission of the Office of Chief Counsel.

DEA001592