Page 1

```
        IN THE FEDERAL DISTRICT COURT
          IN THE DISTRICT OF COLUMBIA
-------------------------------X
LEE PAIGE,                     :
                               :
              Plaintiff,       :
        v                      : CASE NO:
                               : 1:06CV 00644-EGS
DOJ and DEA,                   :
                               :
              Defendant.:
-------------------------------X
```

Washington, D.C.

Thursday, January 17, 2008

Deposition of:

JIM BURNS

called for oral examination by counsel for Plaintiff, pursuant to Notice, at the US DOJ Civil Division, Federal Programs, 200 Massachusetts Avenue, Northwest, Washington, D.C., before Mary E. Warner of Capital Reporting, sworn by a Notary Public in and for the District of Columbia, beginning at 1:00 p.m.

PLAINTIFF'S EXHIBIT 270
ALL-STATE LEGAL

Page 2

1  APPEARANCES
2
3  On Behalf of the Plaintiff:
4      WARD A. MEYTHALER, ESQUIRE
5      Law Offices of Merkle & Magri, P.A.
6      5415 Mariner Street, Suite 103
7      Tampa, FL 33609
8      (813) 281-9000
9
10 On Behalf of the Defendants:
11     PETER J. PHIPPS, ESQUIRE
12     U.S. Department of Justice
13     20 Massachusetts Avenue, N.W.
14     Washington, D.C. 20530
15     (202) 514-1280
16
17 ALSO PRESENT:
18     Lee Paige

Page 3

1  CONTENTS
2  EXAMINATION BY                        PAGE
3    Counsel for Plaintiff        5
4
5  BURNS DEPOSITION EXHIBITS
6  3  Incident File Opened
7  4  Investigation File
8  5  Memo, 3/25/05
9  5A Memo
10 7  N-11
11 8  N-7
12 8A Acquisition of Nondrug Property
13 8B Receipt of N-7
14 13 N-10-1
15 15 N-12-A
16 16 N-12-B
17 17 N-12-C
18 18 N-12-B
19 19 Audio Visual Services Request
20 21 Memo, 8/13/04
21 22 Memo, 10/6/04
22 23 Memo, 12/2/04

Page 4

1  24 Memo, 12/2/04
2  25 Incident Review Committee Report
3  26 Memo, 11/15/05
4  27 Acquisition of Nondrug Property
5  28 Imation Disk, Orlando
6
7
8
9
10 (Exhibits were marked prior to deposition
11 starting.)

Page 5

1           PROCEEDINGS
2  WHEREUPON,
3          JIM BURNS
4      Called as a witness, and having been
5  first duly sworn, was examined and testified as
6  follows:
7      EXAMINATION BY COUNSEL FOR PLAINTIFF
8  BY MR. MEYTHALER:
9      Q  State your name, please.
10     A  It's James R. Burns, Junior.
11     Q  How old you are, Mr. Burns?
12     A  49.
13     Q  Okay. And do you reside in the
14 Washington, DC metropolitan area?
15     A  Yes, I do, sir.
16     Q  Are you married?
17     A  No, sir.
18     Q  And what is your present employment?
19     A  I'm a special agent with the Drug
20 Enforcement Administration.
21     Q  Could you give us a thumbnail overview of
22 your career with the DEA including offices worked

Page 42

1  Acquisition of Nondrug Property.
2    Q   And it's called a DEA 7-A?
3    A   That's correct.
4    Q   And what's the purpose of a DEA 7-A?
5    A   To submit evidence into the custody of
6  the evidence custodian.
7    Q   Who does OPR use as a nondrug evidence
8  custodian?
9    A   You would have to ask OPR, sir. I do not
10 know.
11   Q   Does the Office of Inspections have a
12 nondrug evidence custodian?
13   A   No, sir. We don't collect evidence.
14   Q   Well, who collects the evidence during
15 the investigation of an accidental shooting?
16   A   If it's --
17      MR. PHIPPS: Objection, legal conclusion,
18 vague, ambiguous. Go ahead.
19      THE WITNESS: If it's an accidental
20 discharge and there are no apparent criminal
21 violations and that decision is made early on,
22 then it's an administrative review and the Office

Page 43

1  of Inspections doesn't collect evidence. If a
2  determination at some point in time is made that
3  there may be a criminal violation and the case is
4  sent over to OPR then OPR conducts criminal
5  investigations, they collect evidence, and they
6  process it like the folks in the field would when
7  they're conducting a narcotics investigation.
8  BY MR. MEYTHALER:
9    Q   But what's your understanding of the word
10 "evidence"?
11      MR. PHIPPS: Objection, legal conclusion.
12      THE WITNESS: Evidence is what you need
13 to prove that a criminal violation has occurred.
14 BY MR. MEYTHALER:
15   Q   Oh, really. That's the only definition
16 of evidence?
17   A   Well, that's my definition.
18      MR. PHIPPS: Objection, foundation.
19 BY MR. MEYTHALER:
20   Q   How long has it been your definition?
21   A   Probably since I've been working.
22   Q   All right. Are there any forms that the

Page 44

1  Office of Inspections calling on people to gather
2  evidence in a shooting investigation?
3      MR. PHIPPS: Objection, vague, ambiguous.
4      THE WITNESS: I believe that there are
5  forms calling on the Office of Inspections to
6  collect facts.
7  BY MR. MEYTHALER:
8    Q   All right. But not evidence?
9    A   No, sir, I don't believe so.
10   Q   All right. Now, have you done
11 investigations in the field yourself of shootings?
12   A   Yes, sir, I have.
13   Q   And have you done investigations of
14 accidental discharges in the field?
15   A   No, sir, I have not.
16   Q   Now, are you familiar with any copies
17 that were made of the original mini DV?
18   A   I'm sorry, I don't understand what you're
19 asking.
20   Q   On Exhibit 7 there --
21   A   Oh, that's the mini -- that's right. You
22 said that was the mini --

Page 45

1    Q   Yeah. The original videotape is called a
2  mini DV.
3    A   Okay.
4    Q   And it's depicted theres in Exhibit 7.
5  Are you aware of any copies that were made of that
6  tape?
7    A   The one that's currently in the file,
8  yes, sir, and then, of course, the one that I
9  caused to be made to turn over to OPR and the
10 documentation that you just showed me. And then I
11 know that OPR came over and asked for the -- I
12 think it was the VHS one, maybe they asked for
13 this one. I can't recall. And they caused
14 another copy to be made.
15   Q   All right. So as far as copies that were
16 caused to be made by the Office of Inspections,
17 you're familiar with the one that you caused to be
18 made to give to OPR?
19   A   Yes, sir.
20   Q   Now, you're also aware of a VHS copy
21 that's presently in the inspection's file, is that
22 correct?