UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LEE PAIGE,            )<br>                       )<br>     Plaintiff,     )<br>                       )<br> v.                    )<br>                       )<br> UNITED STATES DRUG    )<br> ENFORCEMENT ADMINISTRATION )<br> and UNITED STATES OF AMERICA, )<br>                       )<br>     Defendants.    )<br>                       ) | Civil Action No. 1:06cv00644<br><br><br>Hon. Emmet G. Sullivan |

**EXHIBITS TO DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**EXHIBIT**                                                                                                        **Number**

Deposition of Lee Paige.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Deposition of Kent Reinke.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

# EXHIBIT 1

Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CASE NO.: 1:06-cv-00644-EGS

LEE PAIGE,

    Plaintiff,

vs.

UNITED STATES DEPARTMENT OF JUSTICE,
DRUG ENFORCEMENT ADMINISTRATION, ET AL.,

    Defendant.


DEPOSITION OF LEE PAIGE

Taken on Behalf of the Defendant

VOLUME I


DATE TAKEN:    December 14, 2007

TIME:    9:03 a.m. - 11:46 a.m.

    12:58 p.m. - 4:17 p.m.

PLACE:    300 International Parkway
    Suite 424
    Heathrow, Florida


Stenographically Reported by:

Delina M. Valentik,
Registered Professional Reporter
Florida Professional Reporter

1    A.    Exactly.

2    Q.    But you've never applied, I guess -- a job that
3 you were interested in as group supervisor hasn't come
4 open?

5    A.    Yes, correct.

6    Q.    Okay. After the accidental discharge, did you
7 do any undercover work in Orlando?

8    A.    Not that I can recall. I may have drove a car
9 into a situation. But I never did primary undercover
10 work, no, not that I can recall, not where I was a main
11 undercover which what I'm used to and accustomed to be
12 the subject of negotiating and what have you, no, I have
13 not. I was not allowed to. I was told that I wasn't
14 able to do it anymore.

15    Q.    When were you told that?

16    A.    Sometime -- it was mentioned by my group
17 supervisor when I came back, sometime probably after the
18 video occurred on the Internet. And that would have
19 been 2005.

20    Q.    Do you know approximately when in 2005, the
21 video appeared on the Internet?

22    A.    Sometime in March, mid to early March.

23    Q.    And take me through that conversation. Who
24 told you couldn't do undercover work in Orlando?

25    A.    I spoke with my GS Dave Borah, who is now

# EXHIBIT 2

Capital Reporting Company

Page 1

IN THE FEDERAL DISTRICT COURT

IN THE DISTRICT OF COLUMBIA

--------------------------------x

LEE PAIGE,                       :

        Plaintiff, :

  v.                             : CASE NO:

DOJ and DEA,                     : 1:06CV 00644-EGS

        Defendant.:

--------------------------------x

Washington, D.C.

Wednesday, November 7, 2007

Deposition of:


KENT REINKE


called for oral examination by counsel for

Plaintiff, pursuant to Notice, at the US DOJ Civil

Division, Federal Programs, 200 Massachusetts

Avenue, Northwest, Washington, D.C., before Mary

E. Warner of Capital Reporting, sworn by a Notary

Public in and for the District of Columbia,

beginning at 9:00 a.m.

(866) 448-DEPO
www.capitalreportingcompany.com                    ©2007

Page 251

1          MR. PHIPPS:  Objection, vague.

2          MR. RENNERT:  I couldn't hear your last

3  word.

4          MR. MEYTHALER:  Accidental.

5          THE WITNESS:  Could you repeat, sir?

6  BY MR. MEYTHALER:

7     Q   Do you have any evidence that the

8  disclosure of the video to the public was

9  accidental?

10    A   No, sir.

11         MR. PHIPPS:  I wanted to interpose an

12  objection of vague and ambiguous.

13         MR. MEYTHALER:  Nothing further.

14         MR. PHIPPS:  I just have a few questions.

15         EXAMINATION BY COUNSEL FOR DEFENDANT

16  BY MR. PHIPPS:

17    Q   Just to clarify something that

18  Mr. Meythaler asked you midway through the

19  testimony.  Your answers today to these questions

20  regarding your investigation aren't based on

21  firsthand knowledge you had of the release of the

22  videotape?  Is that clarification accurate?

**Capital Reporting Company**

Page 252

1    A    That's true.

2    Q    Much of your testimony, correct me if I'm

3 wrong, was done without written copies of the

4 Interrogatories in front of you to refresh your

5 recollection as to the events that happened?

6    A    That's correct.

7    Q    Is it possible that if you had written

8 copies of those Interrogatories in front of you

9 they would have refreshed your recollection to

10 some of your responses and possibly altered those

11 responses?

12    A    Certainly, yes, sir.

13         MR. PHIPPS:  That's all I have.

14         EXAMINATION BY COUNSEL FOR PLAINTIFF

15 BY MR. MEYTHALER:

16    Q    Here's Exhibit 27, take your time, read

17 it.  Tell me any answers that you want to change.

18         MR. PHIPPS:  Object to the question as

19 burdensome, unintelligible, compound.

20         THE WITNESS:  There are some

21 inaccuracies, I think at the time when I spoke of

22 Scully not returning it the same day, it's one of